McLAURIN v. KELLY.

1. REVIVAL OF JUDGMENT—CONSENT.—Under summons to show cause why an execution should not be renewed, the judgment may be revived, and having been revived by consent of defendant, the presumption of a payment prior to that time is rebutted, and the defendant is estopped from afterwards assailing the validity of the original judgment.

2. EXECUTIONS—COURTS WITHOUT JURIES.—Under the terms of the Code of Procedure, providing for two terms of the Court of Common Pleas in Marion County, and (sec. 26) authorizing civil business other than jury trials after the conclusion of business at the summer terms of the Courts of General Sessions, this summer term is not a regular term of the Court of Common Pleas, within the meaning of the act that gave to an execution an active energy, until the regular term of the court from which it was issued, which should follow next after the full completion of five years from the lodgment of the execution.

Before GARY, J., Marion, April, 1893.

Action by Luther McLaurin against D. J. Kelly. Ernest Gary, Esq., sat as special judge in the place of Judge Kershaw. The respondent asked that the judgment below be sustained upon the first three grounds taken in support of the motion for non-suit.

*Messrs. Woods & Macfarlan,* for appellant.

*Messrs. Sellers & Sellers,* contra.

March 2, 1894.    The opinion of the court was delivered by

MR. JUSTICE POPE.    The plaintiff in his complaint alleges that he has title to a tract of land of 100 acres, situate in Marion County, but that defendant unlawfully withholds possession from him. The defendant admits his possession of the land, but denies plaintiff's title. The cause came on for trial at the April Term, 1893, of the Court of Common Pleas for Marion, before Special Judge Gary and a jury. After plaintiff had closed his testimony, the defendant moved for a non-suit on the following grounds, to wit: 1. Because there is no judgment—no judgment has been introduced. 2. Because if there

is a valid judgment, it was paid by operation of law before the levy and sale; more than twenty years had elapsed before the levy and sale. 3. Because the renewal of the execution in 1884 was illegal and, therefore, void. 4. Because the execution under which the levy and sale was made had lost its active energy before the levy and sale. The Circuit Judge sustained the motion on the fourth ground. After entry of judgment by defendant, plaintiff appealed therefrom on these grounds: *First.* Because the presiding judge erred in holding that the execution had lost its active energy, and had no lien upon the land at the time of the levy and sale thereunder. *Second.* Because the presiding judge erred in not holding, upon the proof offered, the plaintiff was entitled to hold the land. *Third.* Because the presiding judge erred in granting a non-suit.

In order to have a clear view of the issues raised by this appeal, a statement of the testimony may be necessary. The summary process docket of the Court of Common Pleas for Marion County for February Term, 1869, shows the case under which sale was made as No. 167, D. W. McLaurin *vs.* J. A. and D. J. Kelly; cause of action notes; entry made on such docket by the presiding judge, Judge Rutland, "Decree by default." The execution issued in said case by the clerk of such court, dated 13th February, 1869, recited that "Upon the hearing thereof it appeared to the said court that the defendants were indebted to the said plaintiff in the sum of thirty-nine 79–100 dollars, with interest thereon from the 13th day of February, 1869." There was a levy endorsed on this execution April 1st, 1869, but no sale was made thereunder. A summons was served in this cause, 31st January, 1879, requiring the defendants, J. A. Kelly and D. J. Kelly, to show cause in the Court of Common Pleas why the execution should not be renewed. An order was passed by the court, consented to by these defendants, reciting that the summons in the case named showed that the judgment recovered against the defendants for $39.79, with interest thereon from the 22d February, 1869, and costs of the original action, was still due and unpaid, and ordered that the plaintiff have leave to issue a new execution for said $39.79, with interest from 22d of February, 1869, and costs of

the original action and of this action for renewal. The renewal execution herein provided for was issued and dated 25th of April, 1884. On this renewed execution there were endorsed two levies of land, each levy being on 100 acres of land, with the boundaries of each, dated January 10th, 1888, and signed by E. W. Johnson as sheriff of Marion County. No effectual sale was made under those levies, and on the 12th day of August, 1889, W. A. Wall, as sheriff of Marion County, endorsed a levy on said execution on the second tract of land that had been levied on by his predecessor in office, Johnson, and after due advertisement sold the land so levied on to the plaintiff, and by deed conveyed said tract of land to him as the purchaser. The plaintiff further proved that the debt by judgment was still unpaid in full.

This court has had occasion recently to examine critically the mode now provided by law for the renewal of judgments and executions. See *Lawton as administrator* v. *Perry as trustee et al., ante* 255. It approves the method here adopted. So, too, as to the presumption of payment arising from twenty years elapsing from date of original judgment. From the case last cited it will be seen that the consent order for renewal prevents such presumption in this case. Suppose we were to admit that the judgment in summary process was irregular for not having been entered on the minutes of the court by the clerk, we apprehend the respondent is estopped from denying the fact of such judgment, for when he was served with the summons to renew the execution he was bound to make any and all defences he had to such renewal, and certainly no better defence could have been interposed thereto than that no such judgment was in existence. But this he did not do. On the contrary, he *consented* to an order renewing such judgment. This matter has become *res adjudicata* as to him. *Freer* v. *Tupper*, 21 S. C., 83. In the case last cited the present Chief Justice took particular pains, in concurring in that judgment, to use this language: "I concur in the result upon the ground that the question as to the legality and sufficiency of the judgment and execution was adjudged by the order to renew the execution; and Schultz being estopped from raising that question, one who claims under

him since the sale is likewise estopped." And the correctness of this rule has been uniformly recognized by this court since that decision.

But the chief difficulty of the appellant remains yet to be considered, in our examination of the ground rested upon by the Circuit Judge in ordering the non-suit, namely, that the execution issued in April, 1884, had lost its active energy, and had no lien on the land sold under it. The Code of this State by section 311 provides that an execution shall have active energy from the time it is first lodged until the regular term of the court from which it was issued which shall follow next after the full completion of five years from its lodgment. That is to say, the execution was first lodged in April, 1884; the full completion of five years from its lodgment was in April, 1889. Now when was the regular term of the Court of Common Pleas for Marion County after April, 1889? If it was that held in June, 1889, the judge was right from this stand-point. If, however, it was on the first Monday of October, 1889, then the judge was in error. Our Code, section 21, subdivision 4, provides for only *two* terms of the Court of Common Pleas for Marion County, one in the spring and one in the autumn (October), but provides *three* terms of the Court of General Sessions—the first in the spring, the second in June, and the third in October.

But by section 26 of the Code, as amended by the act of 1887 (18 Stat., 587), it is provided: "Whenever in this chapter provision is made for Courts of General Sessions only, the judge presiding shall at the conclusion of any such Court of General Sessions open the Court of Common Pleas without juries, and give judgments by default on Calendar 3, hear and determine equity causes, and transact all other business of a regular term of a Court of Common Pleas except trials by jury." We cannot agree that this summer or June term of court is a regular term of the Court of Common Pleas. It seems to us that when the legislature of the State fixed that there should be only *two* terms of the Court of Common Pleas, that such terms were only the regular terms of such court. The fact that the Circuit Judge is not allowed to hear trials by jury after the completion

of the business of the Court of General Sessions at its summer term, and inasmuch as trials by juries are a component part of a regular term of the Court of Common Pleas, such June or summer terms do not fall within what is known in the statute (section 311 of the Code) as regular terms of the Court of Common Pleas. Other reasons might be advanced, but the foregoing seem to us sufficient.

We do not care to pass upon the second ground of appeal, because we fear it imputes error to the Circuit Judge in not having passed upon the sufficiency of the testimony. The jury must do this under the instructions of the court, of course; and as there must be a new trial, we do not feel justified in doing more than to correct the error of the Circuit Judge when he granted the motion for a non-suit.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause remanded for the purpose of a new trial.