## BARNES v. BAMBERG.

1. AGRICULTURAL LIEN—REMEDY—RENT.—A LANDLORD has the same remedy for enforcing his statutory rent lien as a party holding a written agricultural lien, and rentor has same remedy for obtaining possession of crops so seized as a lienee.

2. IBID.—IBID.—IBID.—IBID.—RULE TO SHOW CAUSE why the replevin bond should not be declared forfeited, and judgment rendered in the proceedings on the bond for amount of rent claimed due, is the proper remedy for a landlord to pursue when he has seized his rentor's crops under statutory rent lien, and the rentor has replevined the crops and fails within thirty days to make up the issue required by the statute.

Before ALDRICH, J., Bamberg, December, 1898. Reversed.

Application for rule to show cause by plaintiff, in J. W. Barnes *v.* W. H. Bamberg. From order refusing rule, the plaintiff appeals.

*Messrs. Howell, Gruber & Bostick* and *John R. Bellinger,*

for appellant. *Mr. Bostick* and *Mr. Bellinger* cité: *On main question:* Rev. Stat., 2512, 2517 to 2520; 31 S. C., 226; *Sease* v. *Dobson,* 34 S. C.; *Mauldin* v. *Gossett,* 15 S. C. *Substantial rights involving law and fact have been determined under rule to show cause: Trenholm* v. *Wilson,* 13 S. C.; *Charles* v. *Wilson, Ibid.; Douglass* v. *Craig, Ibid.;* 46 S. C., 114; 2 McM., 150; *Oliver* v. *Sale,* 19 S. C.

*Mr. G. W. M. Williams,* contra, cites: *This remedy not exclusive:* 24 S. C., 119; 15 S. C., 54. *On main question:* Rev. Stat., 2512, 2517, 2522; 31 S. C., 329; 15 S. C., 548; 13 S. C., 403.

July 17, 1899. The opinion of the Court was delivered by

Mr. Justice Jones. This is a proceeding to enforce a landlord's lien for rent, and was commenced by the issuance of a warrant of attachment by the Clerk of Court based upon an affidavit and an undertaking as required by law. Under this warrant, the sheriff seized the crops or agricultural products subject to the lien for rent. Then, pursuant to sec. 2522, Revised Statutes, lienee, Bamberg, in order to regain possession of the property, entered into a bond or undertaking, with sureties, "for the delivery of said property to the said J. W. Barnes, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the said W. H. Bamberg." This bond was executed October 8, 1898. Nothing was done by either party after this until November 10th, 1898, when the plaintiff, Barnes, procured from Judge Aldrich a rule requiring defendant, Bamberg, to show cause why the bond or undertaking filed on the part of defendant herein should not be declared forfeited, and judgment rendered herein against the defendant in favor of plaintiff for $480, the amount of rent claimed. On hearing the return to this rule, Judge Aldrich ordered that the rule be discharged, and that all parties be relegated to whatever proceedings they may be

advised, without prejudice. From this order plaintiff, Barnes, appeals. The Circuit Judge does not state in his order his reason for discharging the rule, but as the return of respondent to the rule demurred to the jurisdiction of the Court to render any judgment as asked for in the proceedings, and as that is the only ground raised by the exceptions and argued here, we assume his order is based upon that ground.

We think the Circuit Court was in error. It was competent for the Court, under the rule to show cause issued in the special proceedings to collect the rent, to give judgment for the amount of rent claimed. Section 2512, Rev. Stat., gives the landlord the right to enforce his lien for rent in the same manner, upon the same conditions, and subject to the same restrictions as are provided for persons making advances for agricultural purposes. By section 2517, Rev. Stat., in proceedings to enforce a lien for advances, if the lienee desires to contest whether the amount claimed is justly due, he should within thirty days after the sale by the sheriff give notice in writing to the sheriff, accompanied with an affidavit to the effect that the amount claimed is not justly due, upon which an issue arises, and is set down for trial at the next term of Court. So, if a lienee, under an agricultural lien for rent, would contest the amount claimed for rent in attachment proceedings to collect the same, he must proceed in like manner. In this case, however, there was no sale; but in order to prevent a sale, the lienee gave his bond conditioned to pay the sum that may be recovered against him. Having prevented such sale by the substitution of his bond, if Bamberg desired to contest the amount claimed for rent, he should have filed said notice and affidavit within thirty days from the date of giving the bond. He not having done so, we do not see how the lienor, Barnes, could secure a judgment for the rent in the special proceedings provided by law for its collection, unless in the way in which he has proceeded—by rule to show cause in such special proceedings.

As we construe the bond given by Bamberg in this case, it was conditioned to pay such judgment as may be recovered against Bamberg in the special proceedings to collect the rent. If plaintiff by an ordinary action should recover a judgment for the amount of rent, and then in default of the payment should attempt to make the sureties on the bond liable, he would be met by the case of *Cheatham* v. *Morrison,* 31 S. C., 326, wherein it was held that such a bond only related to a recovery under the proceedings commenced by the issue of the warrant. Therefore, unless we are willing to hold that plaintiff is without any remedy whatever, he should be allowed to proceed by rule or motion, as in this case, to secure the judgment of the Court in said special proceedings on his claim for rent, which has not been contested, in order to fix the liability of the obligors on the bond. This was the procedure adopted after the decision in *Cheatham* v. *Morrison, supra,* which case is also reported in 37 S. C., 187.

The judgment of the Circuit Court is reversed.