## MANUEL v. LOVELESS.

APPEAL—MAGISTRATE.—Notice of appeal from order of magistrate re-
fusing new trial, served on magistrate three days after order, and
on respondent's attorney seven days after, comes too late as to latter,
and Circuit Court has no jurisdiction.

Before GAGE, J., Greenville, July, 1899.    Affirmed.

Action in claim and delivery by Easter Manuel against
Rosa F. Loveless, in magistrate court.    Appeal is by de-
fendant from an order of Circuit Court dismissing her
appeal from magistrate court.

*Messrs. Blythe & Blythe,* for appellant, cite: 41 S. C., 93;
Code, 360.

*Mr. Adam C. Welborn,* contra, cites: Code, 359, 360; 7
S. C., 342; 9 S. C., 82.

February 27, 1900.    The opinion of the Court was de-
livered by

MR. JUSTICE GARY.    The record contains the following
statement of the case: "This was an action of claim and de-
livery, commenced before a magistrate.  The case was
called for trial on February 13th, 1897, and judgment
rendered by him for the plaintiff.    On the same day the de-
fendant made a motion for a new trial.    The motion was
argued on February 22d, 1897, and on the following day,
February 23d, an order was passed by the magistrate over-
ruling the motion.    From this order the defendant in due
time appealed to the Circuit Court.    The magistrate was
served with notice and grounds of appeal on February 26,
1897.    The original and a copy of the notice and grounds of
appeal were entered by the defendant in the sheriff's office
on March 1st, 1897, and was served on plaintiff's attorney
the next day, and the copy was returned the same day by
plaintiff's attorney, with the indorsement thereon that it was

not served in time.    Plaintiff's attorney then made an affidavit that he was not served in time, and served the same, together with notice of a motion to dismiss the appeal upon the call of the case for trial, upon defendant's attorneys. Upon the call of the appeal for hearing, plaintiff's attorney made said motion, and the Circuit Court dismissed the appeal by the passage of the following order: 'On hearing the appeal from Magistrate N. P. Whitmire in the above stated case, it is ordered, that the appeal be, and it is hereby, dismissed on the ground that the notice and grounds of appeal from the magistrate's order overruling motion for a new trial were not served within five days from the date of said order—the time of refusal.' "

From this order the defendant appealed upon the following exceptions: "I.  Because the Circuit Judge erred in holding that although the decision of the magistrate was not made on the same day of the hearing of the motion, yet no notice of said decision was necessary; and if the defendant did not give notice of appeal from said order refusing a new trial within five days after the date of said order, he could not afterwards do so, even though he had no notice of the order until the five days had expired.    II.  Because the Circuit Judge should have held that inasmuch as the order refusing the new trial was not made on the same day that the motion was heard, that then the defendant, respondent, was entitled to notice of such order, and as no notice was given until after the five days had expired, that then respondent was entitled to five days from the time of such notice to serve notice of appeal, and he erred in not so holding."

The record shows that the magistrate signed the order overruling the motion for a new trial on the 23d of February, 1897; the magistrate was served with a copy of the notice of appeal on the 26th of February, 1897, but plaintiff's attorney was not served until the 2d of March, 1897—more than five days after the signing of said order.    Section 359 of the Code is as follows: "The appellant shall, within five days after judgment, serve a notice of appeal,

stating the grounds upon which the appeal is founded. If the judgment is rendered upon process not personally served, and the defendant did not appear, he shall have five days after personal notice of the judgment to serve the notice of appeal provided for in this. and the next section." Section 360 contains the following provisions: "The notice of appeal must, within the same time, be served on the trial justice personally, if living and within the county, or on his clerk, if there be one, and upon the attorney for the respondent, or on the respondent personally, or by leaving it at his residence, with some person of suitable age and discretion." The fact that the defendant served the magistrate with a copy of the notice of appeal on the third day after the signing of said order, shows that she had notice of the said order, and in ample time to have served a copy of the notice of appeal on the plaintiff's attorney. Even if personal notice is required in any case except where "the judgment is rendered upon process not personally served, and the defendant did not appear," we see nothing in this case to take it out of the principle announced in the case of *Davis* v. *Vaughan*, 7 S. C., 342, and *Scott* v. *Pratt*, 9 S. C., 82, which show that the Circuit Court was without jurisdiction in the premises.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.