6677

## BISHOP v. VALLEY FALLS MFG. CO.

### NOLEN v. SAME.

1. ARBITRATION.—In the absence of express stipulation, the presumption is that an agreement to arbitrate a difference is an agreement to a statutory arbitration. The terms of the agreement here construed to mean a statutory arbitration. That one party proposed a number of names as arbitrators and the other selected from those proposed three, is not a ground for holding the arbitration is not under the statute.

2. IBID.—REVOCATION.—Service of a written notice that the party intended by the agreement to enter into a common law arbitration is not a revocation of the agreement to arbitrate under the statute. Here the party appeared and participated in the arbitration.

Before MEMMINGER, J., Spartanburg, April, 1906. Affirmed.

Two actions: First, by George C. Bishop against Valley Falls Mfg. Co.; second, by C. B. Nolen against same. Both plaintiffs and defendant entered into the following agreement to arbitrate the issues raised by the pleadings in the respective actions:

"State of South Carolina, County of Spartanburg.

"Whereas, Geo. C. Bishop has brought an action in the Court of Common Pleas for Spartanburg County against the Valley Falls Manufacturing Company for damages in the sum of fifteen hundred ($1,500) dollars, because of the Valley Falls Manufacturing Company having backed water upon his land on Lawson Fork Creek; and, whereas, it has been agreed between the said Geo. C. Bishop and the Valley Falls Manufacturing Company to submit their differences to an arbitration;

"Now, be it known that the said Geo. C. Bishop and the said Valley Falls Manufacturing Company do hereby agree and consent to submit to the following three named

persons the issues hereinafter mentioned: D. W. Willis, Ellis Cantrel and J. B. Seay.

"The said arbitrators shall take into consideration the amount of damage that has been done to the land of said Geo. C. Bishop by the raising and maintaining of the dam of the Valley Falls Manufacturing Company, and shall also take into consideration the amount to be paid to the said Geo. C. Bishop by the Valley Falls Manufacturing Company for a deed and conveyance to the said Valley Falls Manufacturing Company of the right and easement to hold the dam and flash-board on same at its present height indefinitely.

"Said arbitrators shall name the sum which shall cover the damage heretofore done, and the compensation for a deed by Geo. C. Bishop to the indefinite right to hold the dam at its present height and to back the water on Geo. C. Bishop's land as the natural result therefrom. Upon the payment to said Geo. C. Bishop of the sum found by said arbitrators, the said Geo. C. Bishop binds himself, his heirs, and assigns, to make the said Valley Falls Manufacturing Company, its successors and assigns, a deed to the right and easement mentioned above, and also to a waiver and renunciation of all claims for damages heretofore done to the said property by the Valley Falls Manufacturing Company, and satisfaction thereof.

"Each party hereto binds himself and itself to the other in the penal sum of three thousand ($3,000) dollars, to faithfully abide the result of the arbitration.

"The damage herein mentioned shall include all loss to said Geo. C. Bishop since the erection of the dam in 1899.

"It is agreed by the Valley Falls Manufacturing Company that it shall pay to Geo. C. Bishop the clerk and sheriff's costs that have accrued in his suit in the Court of Common Pleas, and the arbitrators shall not take them into consideration.

"Said Valley Falls Manufacturing Company also agrees to pay the costs of the arbitrators, of the witnesses, and of any Court officers connected with said arbitration.

"Witness our hands and seals December 2d, 1905, G. C. Bishop (Seal); Valley Falls Mfg. Co., by Allen Jones, Treas. (Seal). Witnesses: J. W. Nash, Stanyarne Wilson."

A similar agreement was entered into by the defendant and C. B. Nolen. Both parties participated in arbitration and award was made in favor of plaintiff in each case. The plaintiff applied to the Clerk of Court to enter up judgment on the awards under the statute. The Clerk refused, and application for mandamus to require him to do so was filed. From order of Circuit Court issuing the writ, defendant appeals.

*Mr. Stanyarne Wilson,* for appellant, cites: *When mandamus will be issued:* 15 S. C., 330; 33 S. C., 278; 32 S. C., 100; 73 S. C., 399. *Affidavits in reply is not the proper mode of traversing the return:* 56 S. C., 53. *Arbitration was not under the statute:* 58 S. C., 303; 3 Cyc., 800; 1 Ency., 647; 3 Cyc., 602. *Submission may be revoked at any time before award:* 3 Cyc., 610, 614, 798; 20 Barb., 486; 111 N. Y., 315; 57 S. C., 507.

*Messrs. Johnson* and *Nash,* contra, cite: *Appeal from award is defendants' only remedy:* 57 S. C., 317; 75 S. C., 93. *Award cannot be collaterally attacked:* 72 S. C., 555. *Mandamus proper remedy:* 3 Cyc., 803. *Arbitration is favored by the law:* 42 S. C., 586; 3 Cyc., 581. *Has statute been pursued?* 3 Cyc., 586; 37 Ala., 476; Suth. on Stat. Con., secs. 401, 439. *As to waiver and estoppel:* 3 Cyc., 602, 603, note 98; 15 Wall., 159; 3 Cyc., 619; 58 S. C., 299; 7 Ency., 2, 22, 32; 46 S. C., 37; 57 S. C., 507; 69 S. C., 428. *As to revocation:* 3 Cyc., 610, 613, 614; 26 Me., 251; 16 Johns, 205.

October 5, 1907. The opinion of the Court was delivered by

Mr. Justice Woods. This is an appeal from a decree of Judge Memminger awarding a writ of mandamus to compel the clerk of the Court of Common Pleas to enter judgments in favor if each of the plaintiffs on awards of arbitrators. The important question is whether the agreement contemplated an arbitration under the statute, or at common law. For, if there was valid award under a statutory arbitration, then, under the statute, it was the clear ministerial duty of the clerk to enter the judgment in accordance with the award.

The plaintiffs, George C. Bishop and Mrs. C. B. Nolan, had instituted separate actions against Valley Falls Manufacturing Company for damage to their lands alleged to be flooded by the defendant's dam. While the actions were pending, parties to the suits made the separate arbitration agreement now under consideration. The agreements were identical, and we first consider whether, on their face, without respect to the affidavits before the Circuit Judge, they show an intention of the parties to have an arbitration under the statute.

In the absence of express stipulations on the subject, we think the presumption is in favor of a statutory arbitration. In early times the disposition of the courts was to look with jealousy on arbitrations, and give them as little force as possible, but later and more intelligent judicial sentiment is strongly in their favor. As said in *Greenville* v. *Spartanburg,* 62 S. C., 105, 125, 40 S. E., 147: "Courts favor awards and will indulge every reasonable presumption to uphold them, and whoever assails them has the burden of clearly establishing their invalidity." An award under an arbitration at common law was not the end of the matter, for unless the losing party chose to comply with it, the successful party was obliged to incur the delay and expense of bringing his action to enforce compliance. To remedy this

defect many States have passed statutes providing for and regulating arbitration, and authorizing the entry of judgment on the award itself. The statutes are remedial and should be liberally construed so as to advance the legislative purpose of putting an end to litigation.

When parties enter into an agreement designed to end litigation, their contract, as far as its language will allow, should be construed to be effectual and complete to that end. Hence, when on its face the contract may be regarded as providing for either a statutory arbitration or an arbitration at common law, it should be referred to the statute.

The defendant insists, however, the agreement cannot be referred to the statute, because the arbitrators were agreed on, and not selected by the parties as required by the statute. The views of other courts give us little aid on this point, because, for the most part, they relate to statutes quite different from ours. Our statute is somewhat peculiar in language, but very simple. The agreement for arbitration is complete when one party to a dispute proposes arbitration and the other assents to it, and each party enters into bond, in double the amount involved, to faithfully abide the result. The selection of arbitrators is no part of the agreement required by the statute. After the agreement has been made, the statute provides a method of selection so that there may be no reason for difference between the parties on the point. But this is nothing more than conferring on each party the right to demand that the arbitrators be selected in the manner indicated by the statute. This right, like all others, may be waived by agreement of the parties to select the arbitrators in some other way. Hence, it is illogical to say an arbitration cannot be referred to the statute merely because the parties agree on the arbitrators instead of exercising the right to require them to be selected in the manner indicated in the statute.

For these reasons alone, we think the arbitration should be regarded statutory. But the written agreement indicates on its face an intention to proceed under the statute. In it the

parties followed the statute by binding themselves in double the amount indicated by the complaint to be involved, to faithfully abide the result of the arbitration. In addition to this, the Valley Falls Manufacturing Company agreed "to pay the costs of the arbitrators, of the witnesses, and of any court officers connected with said arbitration." Unless the arbitration was to result in a judgment as provided by the statute, court officers would have had no costs in connection with it, and in using this language the parties must have had in contemplation the costs of entering the judgment.

The defendant further contends, even if the agreement to arbitrate should be referred to the statute, it was revoked before action under it, and, therefore, no judgment could be entered on the award. This claim of revocation rests on the service of a written notice on the plaintiffs before the arbitrators had acted. But this notice was nothing more than a statement of defendant's position that the agreement contemplated a common law, and not a statutory arbitration. So far from repudiating the agreement, the defendant appeared and participated in the arbitration. The defendant's expression of opinion as to the effect of its written agreement, obviously, was not a revocation.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.