7428

GIBBES v. BECKETT.

APPEAL—MAGISTRATE COURT.—The Circuit Court cannot relieve a party to a case in a magistrate court from the effects of failure to serve notice of intention to appeal from magistrate judgment within time fixed by section 67 of Code of Proc., even where the service is prevented by sickness of constable on the way.

Before DANTZLER, J., Charleston. Two orders. One affirmed, the other reversed.

Petition by James Gibbes for mandamus against T. A. Beckett. From Circuit order, both parties appeal.

*Solicitor J. H. Peurifoy* and *Mr. Wm. Henry Parker,* for Beckett, cite: *As to the refusal of mandamus:* 19 Ency., 725-30; 30 S. C., 582: *Failure to serve notice is fatal:* 33 S. C., 401; 56 S. C., 426; 9 S. C., 62; 7 S. C., 342. *As to stay of sentence and admitting defendant to bail:* Cv. Code, 69, 73, 29; Code, 1902, 2436.

*Mr. Frank F. Herndon,* contra.

February 11, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. James Gibbes was convicted on the 7th of July, 1909, before magistrate T. A. Beckett under four separate warrants charging the offense of enticing laborers to violate their contracts, and one warrant charging trespass on lands after notice. The sentence in each case was service on the chaingang for thirty days or payment of a fine of one hundred dollars. Notice and grounds · of appeal in each case were served on the prosecutor on the 12th of July, 1909, but they were not served on the magistrate until July 13th, 1909. More than the five days allowed by the statute having elapsed before service on the magistrate, that officer refused to make reports of the cases to the Circuit Court. Thereupon counsel for Gibbes applied to Hon C. G. Dantzler, Circuit Judge, for an order in mandamus requiring the magistrate to make such reports.

In the effort to meet the statement made in the return that the magistrate was not required by law to send up reports of the cases because the notice and grounds of appeal had not been served in five days, counsel for petitioner submitted affidavits tending to show that one Robert Gibbes left the city of Charleston with the notice and grounds of appeal for service on the 12th of July, 1909, the last day allowed for service, and on the journey became so incapacitated by sickness that it was not possible for him to make the service until the morning of the 13th of July, one day beyond the time fixed by statute. On the hearing, Judge Dantzler dismissed the petition for mandamus, but ordered a stay of the sentences, and release of the petitioner on bail, pending his appeal to the Supreme Court. After appeal to this Court, Hon. D. E. Hydrick, Associate Justice, under rule 21 of the Court, granted a conditional stay of the order of Judge Dantzler in so far as it ordered a stay of the sentences imposed by the magistrate. The magistrate appeals from the order of Judge Dantzler in the mandamus proceedings in so far as it allows the petitioner to give bail pending appeal to the Supreme Court, and the petitioner

appeals from the order in so far as it denies the mandamus requiring the magistrate to make reports. Both appeals depend on the single question whether the Circuit Judge could relieve a party where he had failed to serve the notice and grounds of appeal within the period of five days fixed by section 67 of the Criminal Code. That he has no such power has been expressly decided: *Davis* v. *Vaughan,* 7 S. C., 342; *Sams* v. *Hoover,* 33 S. C., 401, 12 S. E., 8; *Manuel* v. *Loveless,* 56 S. C., 426, 35 S. E., 1; *Scott* v. *Pratt,* 9 S. C., 342; 2 Cyc., 800.

The law requiring appeals to be taken within a fixed time may sometimes produce hardship, but it is important to the administration of justice that there be no uncertantity. There will be few, if any, cases of hardship if the time allowed is utilized without dependence on quick work at the end of the period. However that may be, the Court has no power to extend the time fixed by law.

The judgment of this Court is that the order of Judge Dantzler be reversed in so far as it provided that the sentences of the magistrate be stayed, and the petitioner be admitted to bail, and that it be affirmed in so far as it denied the mandamus.