· 7529

## LIGHTSEY v. RENTZ.

1. EXCUSABLE NEGLECT—AGRICULTURAL LIEN.—DEFAULT in agricultural lienor in serving notice of amount claimed in attachment proceedings not being due on the lien account cannot be excused for inadvertence or excusable neglect.

2. AGRICULTURAL LIEN—JUDGMENT—SURETIES.—Where an agricultural lienor retakes possession of crop seized by lienee and fails to file within time the notice and affidavit as to amount claimed not being due, the Court on motion may require the leinor to deliver the crops to the lienee and in default give judgment against lienor and his sureties for amount claimed without their being before the Court.

Before DeVore, J., Colleton, March, 1909. Affirmed.

Proceeding under agricultural lien by W. Fred. Lightsey and J. F. Rentz. From order on motion, requiring defendant to pay amount claimed, he appeals.

*Messrs. Padgett & Lemacks,* for appellant, cite: *Court should have excused default:* 14 S. C., 476; 7 S. C., 264; 2 L. R., 2 P. Div., 211; Suth. on Stat. Con., 1138; 59 S. C., 52; 36 S. C., 310.

*Messrs. Peurifoy Bros.,* contra, cite: *Court has no power to enlarge time:* 55 S. C., 499; 15 S. C., 552; 33 S. C., 234; 20 S. C., 6; 43 S. C., 175; 50 S. C., 23; 13 S. C., 406. *Judgment against sureties:* 55 S. C., 499.

April 1, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Under proceedings instituted in accordance with section 3062 of the Civil Code by W. Fred Lightsey to foreclose a lien for agricultural supplies, the clerk of Colleton county issued his warrant and thereunder the sheriff of Colleton county seized the crop of J. F. Rentz. Copies of the lien, affidavit, undertaking and warrant, were served on Rentz on November 14, 1908; and immediately

thereafter he gave the bond authorized by section 3067 and recovered possession of the crop. Section 3062, requiring the clerk to issue the warrant for the seizure and sale of the crop by the sheriff contains the following proviso:

"That if the person to whom such advances have been made, shall, within thirty days after such sale has been made, give notice in writing to the sheriff, accompanied with an affidavit to this effect, that the amount claimed is not justly due, then it shall be the duty of the said sheriff to hold the proceeds of such sale subject to the decision of the Court upon an issue which shall be made up and set down for trial at the next succeeding terms of the Court of Common Pleas for the county in which the person to whom such advances have been made resides, in which the person who makes such advances shall be the actor."

The notice and affidavit referred to in this clause of the statute were not served within thirty days, the prescribed time. On January 18, 1909, more than thirty days after the seizure, the attorneys for the lienee, in pursuance of notice served on the attorneys for the lienor, moved before Judge Memminger at chambers for an order requiring the lienor to return the crop to the sheriff and providing that in case of the failure of Rentz to return the crop the lienee should have judgment for $400.00 against the lienor and the sureties on his bond. At the same time a motion was made on behalf of Rentz for an order allowing him to file out of time the notice and affidavit to the effect that the amount clamed on the lien was not justly due. This application for relief from default was made on an affidavit of Mr. Padgett, attorney for Rentz, to the effect that he had failed through excusable neglect to serve the notice and affidavit stating that the amount claimed under the lien was not justly due. The affidavit sets out that Mr. Padgett inadvertantly omitted to serve notice and affidavit, the inadvertence being due to his active employment in the business of the Circuit Court of Colleton county and the Supreme Court; and that after the

examination of the accounts he is convinced that they will show if properly balanced that Lightsey is indebted to Rentz.

The effect of Judge Memminger's decree was to refuse both motions for lack of jurisdiction to pass on them at chambers, with leave to both parties to renew the motions in open court. The motions were accordingly renewed before Judge DeVore at the March, 1909, term of the Court of Common Pleas for Colleton county. Judge DeVore held that he had no power to enlarge the time limited by the statute for the filing of the notice and affidavit; and decreed that Rentz should turn over the crop to the sheriff for sale, that if the proceeds should be insufficient to satisfy the debt and the costs, then the lienee should have judgment for the balance against the lienor and his sureties, and that if the lienor fail to turn over the crop, then the lienee should have judgment against the lienor and his sureties for $327.44 and costs.

Counsel for Rentz first insist that the Circuit Court erred in holding that the Court was without power to extend for inadvertence or excusable neglect the period of thirty days fixed by the statute for serving the notice and affidavit that the amount claimed is not justly due.

The provisions of the Code of Procedure allowing extensions of time for inadvertence and excusable neglect relate to actions and proceedings referred to in that statute, and have no application here. The proceeding to foreclose agricultural liens is not provided by the Code of Procedure, but by an entirely separate statute incorporated into the Civil Code. This separate statute lays down the steps which both the lienee and lienor must take to have their rights protected, and the time within which these steps must be taken. In case of foreclosure against him a specifically favorable provision is made for the lienor in giving him the simplest possible remedy. He is spared the formal pleading and proceedings

necessary to an action of claim and delivery, and is allowed to make and have tried the issue as to the amount due by a simple notice and affidavit. In conferring on him this right the law makes the condition that he must exercise it within thirty days. The power of the Court to entertain an issue made up under this statute is derived from the statute, which prescribes thirty days as the limit for the notice; and when this condition of the exercise of the jurisdiction fails, the Court can give no relief under the statute.

That this was the principle on which the case of *Barnes* v. *Bamberg,* 55 S. C., 499, 33 S. E., 580, was decided is quite clear from the opinion of the Court, although the point did not arise under a motion to be allowed to serve the notice and affidavit after the expiration of thirty days. In *Sams* v. *Hoover,* 33 S. C., 401, 12 S. E., 8; the same principle was applied to a motion to extend the time prescribed by statute for making a motion for a new trial in a magistrate's court. In *Gibbes* v. *Beckett,* 84 S. C., 66 S. E., 1000, it was applied to the time limit of appeals from magistrate's courts. The rule is discussed and the authorities cited supporting it in Endlich on Stat. Inter., sections 434, 441-443, and in other text books. We are not now concerned with cases where compliance with the time limit of the statute was made impossible by death or other causes, or was prevented by the action of the opposite party. As to such cases we express no opinion, for this is not one of them.

The appellant, Rentz, next contends that the Circuit Court erred in giving judgment against his sureties when they were not before the Court. The point is expressly decided against appellant's view in *Barnes* v. *Bamberg, supra.*

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.