### 9660

#### PALMER v. SIMONS.

#### (92 S. E. 23.)

1. APPEAL AND ERROR — TIME FOR NOTICE OF APPEAL — EXTENSION BY COURTS.—The time prescribed by statute within which notice of appeal must be given cannot be enlarged or extended by the Courts.

2. APPEAL AND ERROR—HARMLESS ERROR—FAILURE TO INDORSE FILING OF DECREE—"FILING."—Respondent was not prejudiced by failure to make the usual indorsement of "filed" and date of filing on a decree of the probate Court, which was in fact filed and kept on file in its proper place in the record of the cause in the probate Court, the indorsement being merely evidence of the filing and date, and the memorandum not being an essential part of "filing," which is complete when a paper is delivered to and received by the proper officer to be kept on file.

3. APPEAL AND ERROR—NOTICE OF APPEAL—NOTICE OF DATE OF FILING OF DECREE—STATUTE.—Under Code Civ. Proc. 1912, sec. 63, requiring notice of appeal to be given within 15 days after notice of the decision appealed from, respondent, who had notice of a decision of the probate Court, was not required to be notified of the date of filing of the decree, and failure to give such notice was harmless to respondent.

Before WILSON and BOWMAN, JJ., Columbia, February and December, 1915. Reversed.

Accounting by W. J. Simons, as committee of the person and estate of R. J. Palmer, a lunatic, contested by R. J. Palmer. From an order of Judge Wilson requiring the probate Judge to accept service of a notice of appeal and to certify the record in his Court to the Circuit Court for the hearing of the appeal, and from the decree of Judge Bowman on the hearing of the appeal, R. J. Palmer appeals.

*Messrs. Frank G. Tompkins* and *W. D. Barnett,* for appellant, submit: *The notice of appeal was served too late:* Code

Civ. Proc., sec. 63. *And time could not be enlarged by the Court:* 7 S. C. 342; 30 S. C. 607; 56 S. C. 426; 84 S. C. 534; 85 S. C. 404; 91 S. C. 399; Code Civ. Proc., sec. 378, subd. 2. And cite: *As to forfeiture of commissions:* Civ. Code, secs. 3648, 3765, 3771; 83 S. C. 157; 10 S. C. 208; 11 S. C. 156; Rich. Eq. Cas. 5; 21 Cyc. 176.

*Messrs. Clark & Clark* and *Alfred Wallace,* for respondent, cite: *As to filing of decree:* Rule 1, Probate Court, Code Civ. Proc., sec. 63; 46 S. C. 295; 82 S. C. 437; 95 S. C. 493. *As to forfeiture of commissions:* 1 Hill Ch. 184; Civil Code, sec. 3683. *Computation of commissions:* 11 S. C. 141; 14 S. C. Eq. 2; 83 S. C. 157.

March 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The probate Judge rendered his decree in this case, dated January 18, 1915. On January 20th a copy thereof was served on the attorneys for both parties, who acknowledged service thereof in writing indorsed on the original decree. On February 5th, 16 days thereafter, Simons' attorneys served the probate Judge and Palmer's attorneys with notice and grounds of appeal to the Circuit Court. Both notices were promptly returned on the ground that they had not been served within the time required by statute, to wit, "within fifteen days after notice of the decision appealed from." Section 63, vol. II, Code Civ. Proc. Thereafter Simons' attorneys moved the Circuit Court, Judge Wilson presiding, for leave to perfect the appeal. The motion was made on the notice and grounds of appeal and an affidavit of Mr. Washington Clark, one of Simons' attorneys, who said that, when the decree was served upon him, he was very busy with other matters, and, overlooking the fact that January has 31 days, by mistake, thought he had until Feb-

ruary 5th to serve his notice and grounds of appeal. It was admitted at the hearing that the original decree was placed in the record in this case in the probate Court, and that it had been kept there continuously since that time, but that no entry of filing, or date of filing, appears thereon. The Court found that Mr. Clark's neglect in failing to serve his notice of appeal within the time prescribed by law was excusable, and, on that ground, signed an order that the appeal be perfected, and that the probate Judge receive the notice and grounds of appeal and certify the record in the case to the Circuit Court for the purpose of hearing the appeal. From this order, Palmer's attorneys served due notice of intention to appeal to this Court. Thereafter the appeal from the probate Court was heard by the Circuit Court, Judge Bowman presiding, and the decree of the probate Court was reversed in important particulars, and the case was remanded to that Court for judgment in accordance with the decree of the Circuit Court. From this decree, as well as from the order of Judge Wilson, Palmer appeals.

It is settled by numerous decisions of this Court that the time prescribed by statute within which notice of appeal must be given cannot be enlarged or extended by the Courts. *Davis* v. *Vaughan,* 7 S. C. 342; *Scott* v. *Pratt,* 9 S. C. 82; *Manuel* v. *Loveless,* 56 S. C. 426, 35 S. E. 1; *Gibbes* v. *Beckett,* 84 S. C. 534, 66 S. E. 1000; *Lightsey* v. *Rentz,* 85 S. C. 410, 67 S. E. 456; *O'Rouke* v. *Paint Co.,* 91 S. C. 399, 74 S. E. 930. In *Gibbes* v. *Beckett,* the Court said:

"The law requiring appeals to be taken within a fixed time may sometimes produce hardship, but it is important to the administration of justice that there be no uncertainty. There will be few, if any, cases of hardship if the time allowed is utilized without dependence on quick work at the end of the period. However that may be, the Court has no power to extend the time fixed by law."

As to the contention of respondent's attorneys that the decree of the probate Court was not marked "filed," and the date of filing indorsed thereon.    The fact is that it was filed and kept on file in its proper place in the record of the cause in the probate Court, and respondent was in nowise prejudiced by the failure to make the usual indorsement, which is merely evidence of the filing and date thereof; and, while the memorandum usually is, and should be, indorsed, it is not an essential part of filing. In point of time, it usually follows filing, which is complete when a paper is delivered to and received by the proper officer to be kept on file.    3 Words and Phrases, 2764.

As to the further contention that they were not notified of the date of filing the decree.    The statute requires notice of appeal to be given "within fifteen days after notice of the decision appealed from."    Respondent had notice of the decision.    A copy of it was left in his hands. The statute does not require notice of the date of filing thereof to be given.    It is customary in giving such notices to state the date and place of filing, but that is merely for the purpose of identification.    Respondent was not prejudiced by the lack of it in this case.

The Circuit Court had no jurisdiction to extend the time for appealing, and, of course, no jurisdiction to hear the appeal; hence both orders appealed from must be reversed. Reversed.