### 9836

#### ROGERS *ET AL.* v. McMANUS *ET AL.*

#### (94 S. E. 730.)

1. JUDGMENT—RELIEF FOR MISTAKE—NECESSARY SHOWING.—For the
   Court in its discretion to grant relief under Code Civ. Proc. 1912,
   sec. 225, from a judgment within a year, the party must make a
   proper showing of it having been taken against him through his
   excusable neglect, inadvertence, mistake, or surprise.

2. JUDGMENT—RELIEF FOR MISTAKE—JUDGMENT ON AWARD OF ARBI-
   TRATORS.—Where a proper showing made for relief under Code Civ.
   Proc. 1912, sec. 225, providing that within a year the Court may

relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, the same relief could be given after the time for appeal has expired in respect of a judgment on award of arbitrators as in case of any other judgment time to appeal from which has expired.

Before PRINCE, J., Chesterfield, April, 1917.    Affirmed.

Proceeding for relief under section 225 of the Code, on the ground of excusable neglect. From an order denying defendant's motion, they appeal.

*Messrs. Miller & Lawson,* for appellants, cite: *As to motion for relief, and not appeal from judgment, being proper remedy:* 2 Encyc. Pl. & Pr. 173; 5 Corpus Juris 200; 6 S. C. 30; 78 S. C. 316. *As to the Circuit Judge having authority under section 225:* 19 S. C. 143. *As to award:* 15 Corpus Juris 148; 17 Cyc. 928; 10 R. C. L. 1237; Code of Civil Procedure, sec. 347; Civil Code, sec. 3953; 5 Corpus Juris 19, *et seq.;* 3 Cyc. 800; *Id.* 603; 2 R. C. L. 353; 30 S. C. 505; 58 S. C. 300; 78 S. C. 315; 2 R. C. L. 353.

*Messrs. Pollock & Pegues,* for respondents. No argument furnished Reporter.

December 31, 1917.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is a proceeding for relief under section 225 of the Code, on the ground of excusable neglect. The appeal is from an order refusing to modify an award and the judgment entered thereon.

The agreement to arbitrate stipulates that the arbitrators should proceed with the settlement of the differences therein mentioned, as provided in section 3953, Code of Laws 1912. It also contains the following stipulation:

"The arbitrators, or a majority of them, having decided the matters submitted to them, shall put their findings in writing, and file the same with the clerk of Court of Chester-

field county, and the same shall become a judgment of the Court of Common Pleas for said county, and the same shall be final, and no appeal shall be taken from same by either party, but the right of appeal therefrom is hereby waived by the parties hereto."

The award was as follows:

"We find that two lots in question are the property of plaintiffs, and shall be deeded to them or her forthwith, also the amount of $878.24 (eight hundred and seventy-eight and 24-100 dollars); and the amount of certain draft claimed to have been paid in payment of F. B. Thomas & Co. account shall be deducted from such cash payment, or, in absence of paid draft, a receipted invoice."

A copy of the award is set forth in the judgment entered therein. His Honor, the Circuit Judge, upon motion of the appellants' attorneys, issued a rule requiring the respondents to show cause why the said award and judgment should not be modified by allowing a deduction of $267.55 and proper abatement of any costs that may have been paid. The appellants' attorneys introduced affidavits tending to show that the arbitrators intended to allow the defendants credit for the Baltimore Bargain House claim, amounting to $217.70. On the other hand, the respondents' attorneys offered in evidence counter affidavits tending to show that such claim was allowed by the arbitrators, and deducted from the amount which they found to be due by the defendants. On hearing the return to the rule his Honor, the Circuit Judge, made the following order:

"A motion is made by defendants to open the judgment herein and to credit thereon not only the $49.85 known as the F. B. Thomas & Co. claim, but also the $217.70 known as the Baltimore Bargain House claim, under section 225 of the Code, and for an injunction restraining the sheriff from levying execution. The motion must be refused on the following grounds: First, the Court has no authority under section 225 of the Code to open the award of arbitrators, but

the remedy is by appeal; second, the award of. the arbitrators' became final under section 3953 of volume I of the Code, when no appeal was taken; third, even if the Court had discretion to open this judgment, the record does not disclose such a showing as'would warrant the exercise of the discretion to open the judgment, as no excusable neglect, inadvertence, mistake, or surprise of the defendants has been shown. Therefore, in the exercise of discretion alone, even if the Court held that section 225 of the Code gave the power, the motion must be refused.

"Further ordered that the restraining order heretofore granted by me be, and the same is hereby, set aside. The motion to refer back to arbitrators is also refused."

The defendants appealed from said order upon exceptions which it will not be necessary to consider in detail. The award was made under section 3953, Code of Laws 1912, which provides that it shall be lawful for any and all persons to submit their differences or disagreements to arbitrators in the manner therein stated. That section also contains these provisions:

"The findings of said board of arbitration shall be final: *Provided,* That either party to the contention shall have the right of appeal to the Circuit Court, by serving written notice upon the opposite party, within five days after the finding of said arbitration, setting forth the grounds of said appeal. And on such appeal the Circuit Judge presiding in said Court, shall hear said appeal as to all questions of law and fact, without the intervention of a jury. If no such notice be given within five days after said finding, then the award of arbitration shall be final.

"The award of the arbitration shall be filed with the clerk of Common Pleas, within five days after such finding, and when so filed, shall become a judgment of the Court of Common Pleas for such county."

24—108.

In their argument the appellants' attorney says:

"If a litigant can, by stipulation, forego the right of appeal, these appellants have done so. The following authorities make it clear that such a stipulation is binding: 2 Enc. Pl. & Pr. 173; 5 Corpus Juris 200; *Bollmann v. Bollmann,* 6 S. C. 30; *Bishop v. Mfg. Co.,* 78 S. C. 316, 58 S. E. 939. It follows, therefore, that his Honor was wrong in holding that the remedy was by appeal, and the first exception, we respectfully submit, must be sustained."

If there had been no agreement waiving the right to appeal from the award of the arbitrators, and the defendants had failed to give notice of intention to appeal within the time prescribed by said section, they would have lost their right to appeal, and the Court did not have the power to extend the time prescribed by the statute. Section 378 of the Code provides that:

"An appeal must be made by the service of notice, in writing, on the adverse party or his attorney."

The following language of the Court in *Gibbes v. Beckett,* 84 S. C. 534, 66 S. E. 1000, is applicable to all appeals:

"The law requiring appeals to be taken within a fixed time may sometimes produce hardship, but it is important to the administration of justice that there be no uncertainty. There will be few, if any, cases of hardship, if the time allowed is utilized without dependence on quick work at the end of the period. However that may be, the Court has no power to extend the time fixed by law."

When the defendants lost their right of appeal, not only by the stipulation in the agreement, but by their failure to serve notice of appeal, upon the opposite party, within five days after the finding of the arbitration, they did not thereby become entitled to other remedies for the purpose of raising those questions that should have been presented by an appeal.

There was, therefore, no error on the part of his Honor, the Circuit Judge, as to the first and second grounds upon which he refused the defendants' motion.

These conclusions render unnecessary the consideration of the third ground, upon which his Honor, the Circuit Judge, refused the motion. We may say, however, that even if there had been an appeal, it would have been a sufficient ground for refusing the motion. A question has been raised as to costs, but this is not the proper mode for determining such issue.

The appellants' attorneys finally contend, that the award is null and void, on the ground that it shows upon its face that it is indefinite and uncertain, and that the arbitrators did not determine all matters submitted to them. The arbitrators found that the amount of a certain draft mentioned in the award should be allowed the defendants as a credit. By consent of counsel the original draft was exhibited to the Court, and it shows upon its face that the amount thereof is $49.85. The contest, however, was not over the amount of this draft, but whether the arbitrators intended that the Baltimore Bargain House claim should also be deducted.

Appeal dismissed.

MESSRS. JUSTICES HYDRICK, WATTS, FRASER and GAGE, *concurring:* We concur in dismissing the appeal, but dissent from the view that the Court had no power to grant relief, under section 225 of the Code of Procedure, if defendants had made a proper showing entitling them to relief under that section. We see no reason why the Court should not have power under that section to give the same relief in respect of judgments entered upon the awards of arbitrators, after the time for appeal has expired, as it has to grant relief in the case of any other judgment, after the time for appeal has expired.