16288

STROUP v. DUKE POWER CO.

(56 S. E. (2d) 744)

*Messrs. S. R. Watt and C. E. Daniel,* of Spartanburg, *for Respondent,*

November 30, 1949.

Oxner, Justice.

The sole question before us is whether appellant gave notice of intention to appeal to this Court "within ten days after the rising of the circuit court", as required by Section 781 of the Code of 1942.

The statute fixing the terms of court for Cherokee County is as follows: "The court of common pleas for Cherokee County shall convene at Gaffney on the first monday of March for two weeks, on the first monday of July for one week, and on the first monday of November for two weeks. The court of general sessions for Cherokee County shall convene at Gaffney on the third monday of March for one week, on the second monday of July for one week, and on the third monday of November for two weeks." Section 57(1) (a) of the 1942 Code.

This action was instituted on August 16, 1948, to recover damages for the alleged wrongful death of Dr. Robert L. McCorkle. The March, 1949, term of the Court of Common Pleas for Cherokee County convened on Monday, March 7th. The trial of the action mentioned was commenced on Wednesday, March 9th, and was concluded on the following day. The jury returned a verdict for the defendant. This was the last case tried at that term of Court. The second week of the Court of Common Pleas was "called off" by the Cherokee County Bar. The record does not show the date on which the Presiding Judge adjourned the Court sine die but the statutory term of two weeks would have expired on March 19th. The March term of the Court of General Sessions was convened on Monday, March 21st. The record does not show when the Court of General Sessions was adjourned

sine die. The one week term fixed by staute would have expired on March 26th. Plaintiff, who desired to appeal from the judgment entered or to be entered on the verdict rendered March 10th, did not serve his notice of intention to appeal until March 31, 1949.

Defendant contends that the March term of the Court of Common Pleas rose at the conclusion of business during the first week of the term and in any event, not later than March 19th, the last day fixed by statute for the continuance of the term. The Court below, in an order dismissing the appeal, held that the Court of Common Pleas rose by operation of law on March 19, 1949, and that the notice of intention to appeal by plaintiff served twelve days later was not within time. Plaintiff has appealed from said order. His contention is that under Section 66 of the 1942 Code, the Court of Common Pleas remained in session until March 26th, the last day fixed by statute for holding the Court of General Sessions, and that notice of intention to appeal served five days thereafter was within the time provided by the statute. Section 66 is as follows: "The court of common pleas shall be open at all terms of the court of general sessions for the transaction of all business of regular terms of the court of common pleas except trial by jury. Provided, cases in the court of common pleas may be tried during the term of any court of general sessions on consent of the parties or their attorneys to any of such cases, and when same does not conflict with the business of the court of general sessions."

It should be stated that Section 66 is not a local statute but is a general provision applicable to the courts in every county. The evident purpose of this enactment was to expedite the hearing of civil matters by enabling litigants to transact civil business during the criminal court where this can be done without serious interruption to the work of the court of general sessions. Under the terms of Section 37 of the 1942 Code, circuit judges now have at chambers substantially all the powers conferred on them by Section 66.

Section 68 of the 1942 Code authorizes a circuit judge, upon the request of not less than three-fourths of the resident members of the Bar having cases for trial, to call off a regular term of the Court of Common Pleas. Under this section the second week of the March, 1949, term of the Court of Common Pleas for Cherokee County was called off. We need not determine whether this action had the effect of sine die adjournment of the Court of Common Pleas at the conclusion of the first week. We shall assume, without deciding, that the Court of Common Pleas was not adjourned until the end of the full term of two weeks. Under the case of *McLaurin v. Kelly,* 40 S. C. 486, 19 S. E. 143, it is clear that the third week fixed by statute for the holding of the Court of General Sessions did not constitute a regular term of the Court of Common Pleas. The fact that civil business of a certain nature could have been transacted during the third week did not have the effect, as appellant contends, of making that week a continuation of the preceding term of the Court of Common Pleas. The third week was a separate and distinct term. Under Section 65 of the Code, a presiding judge during a term of the Court of Common Pleas "may open the court of general sessions and transact all or such business of the court of general sessions except trials by jury as said judge may deem expedient." Under appellant's reasoning, it could logically be argued that when the Court of General Sessions is followed immediately by a term of the Court of Common Pleas, the Court of General Sessions does not rise until the end of the term of the Court of Common Pleas. In some of the larger counties, a term of the Court of Common Pleas is sometimes immediately followed by a term of the Court of General Sessions, which in turn is followed by another term of the Court of Common Pleas, resulting in the Circuit Court of a county being continuously in session for six or eight weeks, during which period the Court of Common Pleas may be held by one judge and the Court of General Sessions by another. Could it be said that under these circumstances the Court of Common Pleas first held

did not rise until the end of the period mentioned? Not only does appellant's view represent a strained and unwarranted construction of the statutes, but its acceptance would cause much confusion in the matter of appeals.

We agree with respondent that the Court of Common Pleas rose not later than March 19th and that notice of intention to appeal served twelve days thereafter was not within time. In reaching this conclusion, we have not overlooked the rule that statutes should be construed liberally in favor of the right of appeal but "there is a limit beyond which the most liberal construction cannot go." *Haughton v. Order of United Commercial Travelers of America,* 108 S. C. 73, 93 S. E. 393, 394. The time prescribed by statute within which notice of appeal must be given cannot be enlarged or extended by the courts. *Palmer v. Simons,* 107 S. C. 93, 92 S. E. 23, and cases cited.

The order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.