## APPLEBY v. SOUTH CAROLINA & GEORGIA R. R.

APPEAL—SERVICE OF NOTICE.—Motion to dismiss appeal because notice of intention to appeal was served within ten days after filing of order granting new trial *nisi* and not within ten days after adjournment of Court *sine die,* refused.   (*Divided Court.*)

Motion in this Court by Mary K. Appleby and Peter P. Appleby, plaintiffs, to dismiss appeal of South Carolina and Georgia R. R., defendant.

The opinions were handed down May 22, 1900.

MR. JUSTICE POPE.   On the 14th day of May, 1900, after due notice, the plaintiffs moved before this Court to dismiss the appeal which had been taken by the defendants from a judgment rendered in plaintiff's favor at a trial had before Judge Ernest Gary and a jury of the above stated action, had in the Court of Common Pleas for the county of Charleston, in said State, during the spring term of the year 1900, on the ground that the notice of such appeal had not been served within the ten days next succeeding the adjournment *sine die* of said term of said Court, which adjournment was had on the 20th April, 1900.   By affidavits and otherwise it is made to appear the verdict of the jury was in favor of the plaintiffs for the sum of $10,000, but that immediately after the rendition thereof, and during term time, the defendant gave notice of its motion for a new trial on minutes of the Court, that such motion was fully heard by Judge Gary during said term, but the term was adjourned *sine die* on the 20th day of April, 1900, while the order passed by Judge Gary on such motion was not filed until on the 26th day of April, 1900, which was six days after the adjournment of the term; that the order of Judge Gary granted a new trial to the defendant unless the plaintiffs would remit the sum of $2,500 of their verdict for $10,000; that on the 27th day of April, 1900, the plaintiff remitted $2,500 of the verdict, and on the same day entered up their judgment for the sum of $7,500, and that

3—58

on the 5th day of May, 1900, the defendant gave notice to the attorneys of the plaintiffs in writing of their intention to appeal from the judgment entered upon the said verdict, but soon thereafter said notice was returned to the attorney of the defendant upon the ground that it came too late.

Thus is raised the sole question we are called upon to consider. If the date at which begins the ten days during which notice of intention to appeal may be served is the 20th day of April, 1900 (when the Court of Common Pleas was adjourned *sine die*), then inasmuch as more than ten days intervene between the 20th of April, 1900, and the 5th of May, 1900, the motion must be granted; but if such date at which the ten days begin is from the 27th day of April, 1900, when the notice was given of Judge Gary's order and the judgment thereon, then the motion must be denied, for the reason that ten days had not expired from the 27th April, 1900, to 5th May, 1900. This is a very serious question to the defendant; for if the appeal is dismissed, the right of appeal to the Court of last resort in this State is forever lost to it in this cause. Of course, if the laws of this State regulating appeals from the Court of Common Pleas to the Supreme Court fix the date of adjournment *sine die* of the former Courts in such cases, as the present as the time when the ten days notice of appeal begins, this Court must say so, for it is our duty to obey the law as it is written. Is it so *written?* I do not think so, and I hope to be able to show that it is not so written, and in doing so I propose to show this from two standpoints: *first,* that the provisions of the laws of our State regulating appeals allow notice of appeals in cases like the present to be given ten days after notice of order of Judge Gary and judgment thereon was served upon the defendants, to wit: from the 27th April, 1900; and, *second,* that our adjudicated cases sustain this view.

1. It is admitted that section 345 of the Code of Civil Procedure, governing appeals from the Court of Common Pleas to the Supreme Court, recognizes two distinct classes of appeals, namely, those taken from orders, judgments and de-

crees rendered *out of term time,* and those taken from orders, decrees and judgments rendered *during term time.* In cases falling within the first class, the law requires that notice of intention to appeal must be served within the ten days next succeeding the service of a notice of the filing of such order, judgment or decree, filed out of term time, upon the opposite party or his attorney; while in cases falling within the second class, the law requires that a notice of intention to appeal from an order, judgment or decree rendered during term time, must be filed within the ten days next succeeding the adjournment *sine die* of the term of the Court wherein such order, judgment or decree was rendered. It is evident that I have attached to the words *"rendered out of term time"* the same meaning as belongs to the words of section 345, "In every appeal to the Supreme Court from an order, decree or judgment granted or *rendered at chambers,* &c." Is this the proper meaning to be attached to the words "rendered at chambers?" It must be apparent that the legislature is endeavoring to provide for all appeals from orders, decrees or judgments, such orders, decrees or judgments must be rendered either after the Court is adjourned *sine die*—that is, out of term time; or such orders, decrees or judgments must be rendered while the Court is in session—that is, in term time. But it is contended that the words of the statute is "at chambers." Is it contrary to any rule to say "at chambers" means "out of term time?" Mr. Anderson, in his Dictionary of Law, at page 163, in defining the meaning to be attached in the law to the words "Judge at chambers," says it means "a Judge acting out of Court," and cites in the support thereof a case from Wisconsin, decided in the year 1886. See 65 Wisconsin, 644. If I fail to give this meaning to these words in our statute, then there is a *casus omissus* in our law regulating appeals; I prefer to attach this meaning to the *words actually occurring in the statute,* rather than to give *those words* a meaning which will fail to cover all cases of appeals, but, on the contrary, will leave a class of appeals without any law to protect them. I do not find any difficulty

in adopting this view of the meaning of the words "rendered
at chambers," by reason of the decision of the Court in the
appeal from an order rendered by Judge Wallace in the case
of *Calhoun* v. *R. R. Co.,* 42 S. C., 132, granting a new trial
about thirty-six days after the term of Court at which such
motion was heard during the term had been adjourned *sine
die.* Section 286 of the Code required that such motion for
a new trial on the minutes should be heard and decided dur-
ing the same term at which the action was tried. We merely
hold that in contemplation of the law, the order should be
regarded as filed *"nunc pro tunc,"* and as I shall show pres-
ently, this decision had no reference to the statute governing
appeals.

2. I think our adjudicated cases sustain the view that the
words "rendered at chambers" mean rendered out of Court.
Take that very case of *Calhoun* v. *R. R. Co.,* 42 S. C., 132,
and we will see that in speaking of the appeal it is stated by
Chief Justice McIver, "Within ten days after notice of the
filing of the order of Judge Wallace granting a new trial,
plaintiff's counsel gave notice of intention to appeal." As
before stated in Calhoun's case, Judge Wallace had heard the
motion for a new trial on the minutes during the term of
Court at which the action was tried, but that he suffered the
term to be adjourned *sine die,* and then in more than thirty
days after such adjournment filed his order granting a new
trial. So in the case at bar, Judge Ernest Gary heard the
motion for a new trial on the minutes during the same term
at which the trial had been had, Court was allowed to ad-
journ *sine die* without a decision on the motion being ren-
dered. But, on the contrary, an order for a new trial *nisi*
was filed six days after Court had adjourned. Defendant's
counsel, "within ten days after notice of the filing of the
order of Judge Gary granting a new trial *nisi* and the accept-
ance by plaintiff of the reduction of the verdict from $10,000
to $7,500, and entry of judgment thereon, defendant's coun-
sel gave notice of appeal." It is true, no question was made
in the Calhoun case as to the time of appeal, but still this

Court acted upon the theory that such appeal was taken in
ample time, and under the very terms of section 345 of the
Code upon which I here rely, otherwise this Court had no
authority for its decision, and the objections as to *nunc pro
tunc* would still be availing. But I think the Court was
right in the Calhoun case, and so I think this Court would be
right now in adopting the meaning herein suggested as to the
words occurring in section 345 of the Code. I think when
the case of *Archer* v. *Long*, 46 S. C., 292, where Justice Gary
construed this section 345, is examined, it will be found to
give support to this view. Then it was held by this Court
that *the date* of the filing of an order, or rather of the notice
of its being filed, is that from which the time for an appeal
commences to run, even where the attorneys had actual
notice of the signing of the order out of term time. I might
prolong this discussion, but I prefer to be brief.

I must announce my view that the motion should be re-
fused.

MR. JUSTICE GARY *concurs*.

MR. CHIEF JUSTICE McIVER. This was a motion to dis-
miss an appeal solely upon the ground that no notice of an
intention to appeal was given within the time prescribed by
law. The facts are undisputed, and may be stated as fol-
lows: The case came on for trial before his Honor, Judge
Ernest Gary, and a jury, which rendered a verdict for the
sum of $10,000 in favor of the plaintiff. The defendant
gave notice of a motion for a new trial on the minutes, and
such motion was heard by Judge Gary during the term at
which the verdict was rendered, but the decision was re-
served. On the 20th day of April, 1900, the Court was
adjourned *sine die,* and on the 26th of April, Judge Gary
rendered his decision, granting the motion for a new trial
unless the plaintiff would within a specified time remit upon
the record the sum of $2,500; but if the plaintiff remitted
said sum upon the record within the time specified, "then this

motion is refused." On the 27th of April, 1900, the plaintiff did remit upon the record the said sum, and on that day judgment was entered for the amount of the verdict as thus reduced, to wit: for the sum of $7,500 and costs. On the 5th day of May, 1900, the defendant served upon the plaintiff's attorneys the following notice: "Please take notice that the defendant intends to appeal to the Supreme Court of said State from the judgment entered in the above entitled case upon the verdict rendered against the defendant and in favor of plaintiff at the late term of said Court of Common Pleas for said county." This notice was promptly returned, "for the reason that service came too late."

The question, therefore, is whether this notice of intention to appeal was served within the time prescribed by law. If it was, then the motion under consideration must be refused; but if it was not, then the motion must be granted; for the time within which notice of intention to appeal must be given is prescribed by statute and is imperative upon this Court as well as upon the parties to this cause, and hence this Court has no power to relieve a party from an omission to comply with this statutory requirement. *Renneker* v. *Warren*, 20 S. C., 581, besides many other cases to the same effect. Indeed, it seems to me that the legislature has been careful to avoid delegating to this Court any power whatever to regulate the time within which notice of an intention to appeal may be given, or to relieve a party from the effect of an omission to give such notice within the time prescribed by statute. For while the Code contains various provisions authorizing this Court, or one of the Justices thereof, or in some cases the Judges of the Circuit Court, to extend the time for doing various acts, or to relieve parties failing to take certain required steps necessary to perfect an appeal, such provisions were always accompanied by an exception as to the time within which notice of an intention to appeal must be given. (See sections 353 and 420 of the Code as originally adopted, and sections 339, 345, 348 and 349 of the present Code.) What, then, is the statutory requirement upon this subject?

It is to be found in subdivision 1, of sec. 345, of the Code as it now stands, which reads as follows: "In every appeal to the Supreme Court from an order, decree or judgment granted or rendered at chambers, from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall within ten days after written notice that such order has been granted, or decree or judgment rendered, give notice to the opposite party or his attorney of his intention to appeal; and in all other appeals to the Supreme Court the appellant or his attorney shall within ten days after the rising of the Circuit Court give like notice of his intention to appeal to the opposite party or his attorney," &c. From the language of this section it is very obvious that the legislature has divided the cases in which appeals to the Supreme Court may be taken into two separate and distinct classes: 1st, those in which the appeal is taken "from an order, decree or judgment granted or rendered *at chambers;*" 2d, "all other appeals to the Supreme Court." So that if an appeal in a given case does not fall into the first class, it must necessarily fall into the second class; and if it falls into the first class, then the notice of intention to appeal must be given within ten days after written notice that the order sought to be appealed from has been granted; or if from a decree or judgment, within ten days after written notice that such decree or judgment has been rendered. But if it falls into the second class, then the notice of intention to appeal must be given "within ten days after the rising of the Circuit Court." Now, in this case it is clear that the appeal cannot fall under the first class, for it is not an appeal from an order granted, or a decree or judgment rendered at chambers, and does not even purport to be so, as will be seen by the terms of the notice of intention to appeal copied above. Indeed, Judge Gary would have had no power to grant an order for a new trial *at chambers.* See 402 of the Code; *Clawson* v. *Hutchinson,* 14 S. C., 517. Nor would he have had the power to render a decree or judgment in a case like this *at chambers,* and he did not undertake to do so. For, as appears by the

terms of his order granting a new trial *nisi,* which was before us upon the hearing of this motion to dismiss the appeal, he heard a motion for a new trial on the minutes, during the same term at which the case was tried, and after full argument on both sides, he reserved his decision, and a few days after the rising of the Court he filed his order granting a new trial *nisi.* This was exactly the couse pursued by his Honor, Judge Wallace, in the case of *Calhoun* v. *Railroad Co.,* 42 S. C., 132, which was approved by this Court, in which this Court held that the motion for a new trial having been made and argued during the term, the order, though not actually filed until after the rising of the Court, must be regarded as filed *nunc pro tunc,* having relation back to the time of the hearing; and the motion, in contemplation of law, was heard and decided during the term at which the verdict was rendered. That case, in principle, is precisely like the present, and the order of Judge Gary cannot be regarded as an order made at chambers, but must in contemplation of law be regarded as made during the term at which the verdict was rendered. This case, therefore, falling, as it must, under the second class, the statute in express terms requires that notice of intention to appeal must be given within ten days after the rising of the Court, and as it is conceded that this was not done, the appeal must necessarily be dismissed.

The elaborate argument of counsel for appellant against the motion, while of much persuasive force to show the necessity of further legislation upon the subject, is not sufficient to show that this Court can disregard the imperative requirement of a statute. It may not be amiss to note that the case of *Molair* v. *Railway Co.,* 31 S. C., 510, was decided prior to the passage of the act of 1889, 20 Stat., 356, by which an important amendment was incorporated into sec. 345 of the Code, doubtless for the purpose of supplying what was supposed to be a *casus omissus* in the section, and that the case of *Wallace* v. *Railroad Company,* 36 S. C., 599, decided after the passage of the act of 1889, holds that the requirements to give notice of an intention to appeal within ten

days after the rising of the Court is explicit, and must be observed, and that such notice may be given even before the judgment is entered up.

I am, therefore, of opinion that the motion to dismiss the appeal should be granted, but as the Court is equally divided upon that question, the motion must necessarily fail.

MR. JUSTICE JONES *concurs.*