## 6545

### FOSTER v. WESTERN UNION TEL. CO.

APPEAL.—Notice of intention to appeal from judgment in law case tried by jury should be served in ten days after rising of trial Court. That appellant had no notice of proposed taxation of costs, and that clerk had not adjudicated the taxation, do not affect it.

Motion to dismiss appeal in case of W. C. Foster against Western Union Telegraph Co.

*Messrs. Cothran, Dean & Cothran,* for the motion, cite: Code of Proc., 345; 58 S. C., 39; 36 S. C., 399; 31 S. C., 510.

*Messrs. Geo. H. Fearons, Evans & Finley* and *Jos. A. McCullough,* contra.

May 22, 1907.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages alleged to have been sustained by the plaintiff through the failure of the defendant to deliver a telegram within a reasonable time.

The jury rendered a verdict in favor of the plaintiff for $325, and the defendant appealed.

The respondent has raised the preliminary question that the notice of intention to appeal was not served within the time required by law.    The record contains this statement: "The Court of Common Pleas for said county and State was adjourned *sine die* on the 12th day of April, 1906, and judgment upon the verdict in this case and for the costs was regularly entered up on the 24th day of April, 1906, and costs were inserted in the sum of $27.65, and it appears from the record that no notice of the taxation of costs was served upon defendant's attorneys, nor formal judgment of the same made by the clerk.    On the said 24th day of April, 1906, plaintiff's attorneys accepted service of the notice of appeal."

Section 345 of the Code contains the following provision:

"In every appeal to the Supreme Court from an order, decree or judgment granted or rendered at chambers from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall, within ten days after written notice that such order has been granted or decree or judg-

ment rendered, give notice to the opposite party or his attorney, of his intention to appeal; and in all other appeals to the Supreme Court the appellant or his attorney shall, within ten days after the rising of the Circuit Court, give like notice of his intention to appeal to the opposite party or his attorney." * * *

In this case it was incumbent upon the appellant to give notice of its intention to appeal within ten days after the rising of the Circuit Court, which was not done. *Appleby v. R. R.*, 58 S. C., 39, 36 S. E., 109.

Appeal dismissed.