## 7776

### STATE v. GANDY.

APPEAL FROM MAGISTRATE.—Where the last day for service of notice of intention to appeal from magistrate court falls on Sunday, that day should be excluded in computing the five days.

Before MEMMINGER, J., Darlington, April, 1910. Reversed.

Indictment against Eli Gandy in Court of Magistrate C. K. Rouse. From order dismissing appeal, defendant appeals.

*Messrs. Macfarlan & Thornwell,* for appellant, cite: *Sunday should be excluded:* 80 S. C. 156; 76 S. C. 176; 78 Am. St. R. 379; 28 Ency. 223; 76 S. C. 176. *Judicial acts on Sunday are usually held void:* 3 L. R. A. 658; 49 L. R. A. 218; 30 L. R. A. 498.

*Solicitor J. Monroe Spears* and *Messrs. Miller & Lawson,* contra, cite: *Sunday should be included:* 19 S. C. 143; 57 S. C. 50; 2 Ency. P. & P. 266; 78 Am. St. R. 379; 14 L. R. A. 120; 49 L. R. A. 204; 15 L. R. A., N. S. 687; 57 S. C. 52; 15 S. C. 110; 16 S. C. 593; 76 S. C. 176; Crim. Code 66, 67, 75. *Could the magistrate waive service?* 69 S. C. 520; Crim. Code 68, 71; 14 S. C. 380; 74 S. C. 443; 84 S. C. 534.

February 22, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Defendant was found guilty of a misdemeanor before a magistrate and a jury, and was sentenced therefor on October 12, 1909. Notice and grounds of appeal were mailed to the magistrate but were not received by him until October 18th on which date he accepted service, and made report to the Circuit Court. In

a supplementary report the magistrate stated that from all the circumstances he believed that the notice and grounds of appeal were mailed to him on October 16, 1909, and were in the postoffice at Hartsville, S. C., on October 17, 1909, but not calling for his mail on that day were not delivered to him until October 18, 1909, and that he was willing for the acceptance of service to be changed to October 16, 1909.

The Circuit Court, Judge Memminger presiding, on appeal, held that the magistrate could not waive any requirement of the statute as to the time within which service must be made and that since the last day of the time for service in this case expired on October 17, 1909, which was Sunday, that day should be included in the computation of time and therefore service on the Monday following was not in time, and accordingly dismissed the appeal.

The question presented by this appeal is whether Sunday should be included or excluded in the computation of the time of five days within which notice of appeal shall be served upon the magistrate in criminal cases.

In the case of *Sally* v. *Railway,* 76 S. C. 177, the Court held that Sunday should be excluded in the computation of seventy-two hours allowed by the statute of 1904 for shipment to reach destination before penalty attaches, and in the case of *Craig* v. *Insurance Co.,* 80 S. C. 156, 61 S. E. 423, with respect to an insurance contract requiring ten days' notice of illness the Court held that Sunday should be included in the computation if the last day fell on Sunday.

The principle upon which both cases were decided is thus stated in the former case and quoted with approval in the latter case: "Where an act is required to be done in a certain number of days exceeding a week, Sunday is not excluded from the computation; but if the number of days is less than seven, Sunday is not counted. *State* v. *Michel,* 78 Am. St. Rep. note 379; 28 A. & E. Enc. 223." Section 67 Criminal Code requires that notice of appeal shall be

served upon the magistrate "within five days after sentence." This requirement should be construed in the light of the general rule stated above, which requires that Sunday should be excluded in the computation. Therefore the service in this case was within the time allowed. The case of *Gibbes* v. *Beckett,* 84 S. C. 534, 66 S. E. 1000, did not consider this question, but is authority for the proposition that if the time for service of notice of appeal had expired the magistrate was without power to waive it.

The judgment of the Circuit Court is reversed.