8206

### O'ROUKE v. ATLANTIC PAINT CO.

1. MAGISTRATE COURT—APPEAL—STATUTES.—While the Court has no power to supply an omission in a statute, yet when all the legislative provisions on a given subject on being construed together show clearly the legislative intent, it is the duty of the Court to give effect to that intent. So construing the acts relating to appeals from magistrate courts, it is held that a party has the right to appeal from a judgment entered on a decision reserved within five days after personal notice of the rendering of the decision.

*Doty* v. *Duvall*, 19 S. C. 143, *distinguished from this case.*

2. IBID.—IBID.—CODE OF PROCEDURE, 195.—When such right is lost by failure to appeal within the time after notice of rendition of the decision, it cannot be remedied by motion under section 195 of Code of Procedure in Circuit Court after filing of transcript in that Court.

Before ERNEST GARY, J., Charleston, April, 1911. Affirmed.

Action by Atlantic Paint Company against M. F. O'Rouke in court of Magistrate Watson C. Finger. The judgment in magistrate court was transcripted to Circuit Court, in which the motion was made from the order refusing which the defendant appeals. The printed "Case," argument and opinion have the names of the parties reversed —and the Reporter has used the erroneous statements to prevent confusion.

*Mr. Geo. F. von Kolnitz,* for appellant, cites: Code of Proc. 87, 311; 19 S. C. 143.

*Messrs. B. C. Bellinger* and *Barron, Moore, Barron & McKay,* contra.

May 14, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The appeal herein is from the following order of his Honor, Judge Ernest Gary: "The

above matter comes up on return to rule heretofore issued by Hon. R. W. Memminger, requiring the plaintiff to show cause, why a judgment heretofore rendered against the defendant, in a magistrate court and transcripted into this Court, should not be vacated under section 195 of the Code, upon the ground of mistake and surprise, etc., occurring during the trial before the magistrate.

"After hearing argument of counsel, it is ordered, that the injunction heretofore granted be vacated, upon the ground that the surprise, etc., for which relief is asked, did not occur in this Court, or in the transcripting, but in the magistrate's court, and, therefore, section 195 of the Code has no application, and gives no jurisdiction to this Court, to grant the relief asked."

The magistrate did not render judgment on the day the case was tried, but reserved his decision until a subsequent day. The appellant alleges she did not know the judgment had been filed, until the time for appeal had expired, and a transcript of the judgment, had been filed with the clerk of the Circuit Court. Section 23, article V of the Constitution, provides, that in all cases tried by magistrates, the right of appeal shall be secured under such rules and regulations, as may be provided by law.

Section 359 of the Code, relating to appeals from judgments rendered by magistrates' courts, is as follows: "The appellant shall, within five days after judgment, serve a notice of appeal, stating the grounds upon which the appeal is founded. If the judgment is rendered upon process not personally served, and the defendant did not appear, he shall have five days, after personal notice of the judgment, to serve the notice of appeal provided for, in this section and the next section." (Section 360 provides that the notice of appeal shall be served upon the magistrate also.)

Subdivision 17, section 88 of the Code, provides, that magistrates shall have power to grant new trials. And subdivision 18 is as follows: "No motion for a new trial

shall be heard, unless made within five days from the rendering of the judgment: *Provided,* That the right of appeal from the judgment, shall exist for five days after the refusal of a motion for a new trial."

Section 87 of the Code is as follows: "A magistrate on the demand of a party, in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the Circuit Court of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon and entered in the Abstract of Judgments, and from that time the judgment shall be a judgment of the Circuit Court, but no sale shall be made under any execution issued upon such judgment in the Circuit Court, until the time for appealing from the judgment in the magistrate's court has expired, nor pending such appeal. If the judgment is set aside in the magistrate's court, it shall have the effect of setting aside the judgment filed and docketed in the Circuit Court. The filing and docketing such transcript in the Circuit Court, shall not affect the right of the magistrate to grant a new trial * * *."

Section 368 contains this provision: "If the defendant failed to appear before the magistrate, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the Court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same, or any other magistrate in the same county, at such time and place, and on such terms, as the Court may deem proper."

The foregoing provisions of the Constitution and statutes show clearly that the lawmaking department of the government, intended to secure to litigants in magistrates' courts, the right of appeal. The failure to provide specifically for a case like this, where the magistrate reserved his decision and rendered judgment afterwards, without giving the

parties notice, was, most probably, an unintentional omission; and while the Courts have no power to supply omissions in a statute, yet, where all the legislative provisions on a given subject, on being construed together, show clearly the legislative intent, it is the duty of the Court to so construe them, as to give effect to that intent. The general law as well as the statutes contemplate, that a party shall have notice before his rights are cut off. Hence, the provision of section 359, that, "if the judgment is rendered upon process not personally served, and the defendant did not appear, he shall have five days, after personal notice of the judgment, to serve his notice of appeal," etc. Therefore, we merely give effect to the legislative will, when we declare the law to be, that the time to move for a new trial or appeal in a case like this, does not begin to run, until the party affected by the judgment, has had notice of it. This interpretation of the Constitution and statutes, is in accord with the just administration of the law; and it is not in conflict with the decision of this Court, in the case of *Doty* v. *Duvall*, 19 S. C. 143. In that case, the Court held, that a trial justice (now magistrate) had no jurisdiction to entertain a motion for a new trial, unless it is made within five days from the rendering of the judgment, and that section 195 of the Code, which authorizes the Court, in certain cases, to relieve a party from a judgment taken against him, was not intended to apply to trial justices' courts. But the language of every decision must be read with reference to the facts of the case under consideration. And while it is not distinctly so stated in the report of the case, it is clearly inferable, that the defendant was personally served with process, and made default. Therefore, she was bound to take notice that judgment would be rendered on the day set for trial. Therefore, the time within which to appeal, or move for a new trial, began to run from that day.

The Court should give a liberal construction to the Constitution and statutes, in favor of the right of appeal. In *Archer* v. *Long,* 46 S. C. 292, 24 S. E. 83, although section 345 of the Code provides, that appeals from orders granted at chambers, shall be noticed within ten days from written notice of the granting thereof, this Court held, that the time to appeal did not begin to run, until the order appealed from was filed with the clerk of Court, notwithstanding notice of the granting thereof had been given, in strict accordance with the terms of the statute. In *Appleby* v. *R. R.,* 58 S. C. 33, 36 S. E. 109, it was held that, when the Circuit Judge heard a motion for a new trial on the minutes during the term, but reserved his decision, and filed it six days after the adjournment of the term, the parties had ten days after written notice of the filing thereof within which to appeal, thereby construing the words "rendered at chambers" to mean the same as "rendered out of term time." In *Greenwood L. & G. Ass'n* v. *Childs,* 67 S. C. 251, 45 S. E. 167, the Court held that handing an attorney an original order, with date of filing indorsed thereon, is not written notice of the filing as required by statute, and did not give currency to the time for appealing. In *State* v. *Gandy,* 87 S. C. 523, 70 S. E. 163, notwithstanding the statute says the defendant shall serve his notice of grounds of appeal "within five days after sentence," the Court held that where the last day falls on Sunday, he is entitled to six days in which to serve his notice and grounds of appeal.

From the foregoing it follows, that the only remedy of a party against whom a judgment is rendered, is either to appeal, or make a motion for a new trial, and appeal, in case such motion is refused. The motion for a new trial must be made within five days from the rendition of the judgment; and, if it be refused, the appeal must be taken within five days from the refusal of such motion.

If the judgment is rendered upon process not personally served and the defendant does not appear, he shall have five

days within which to appeal, after personal notice of the judgment.

If the magistrate does not render judgment on the day of trial, but reserves his decision, the party against whom judgment is rendered, has the right to appeal or move for a new trial, within five days after personal notice of the judgment.

At the time a transcript of the judgment was filed in the office of the clerk of the Court (the plaintiff having had notice of the judgment) the time had expired, within which the appellant had the right to make a motion for a new trial, or to appeal from the judgment rendered by the magistrate, and it could not be extended by the Court. *Gibbes* v. *Beckett,* 84 S. C. 534, 66 S. E. 1000.

It is true, the appellant had five days, after personal notice of the judgment, within which to make a motion for a new trial or to appeal, but, at the time the transcript was filed, the appellant was not entitled to any relief whatever, as she had failed to make a motion for a new trial, or to appeal within the statutory period. And the filing of the transcript did not have the effect, of restoring the right to the relief which she had lost by her failure to take action, within the time required by law.

Appeal dismissed.