9803

## HAUGHTON v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

### (92 S. E. 393.)

1. JUDGMENT—COLLATERAL ATTACK—PRESUMPTION.—Where a judgment rendered at an adjourned term is attacked collaterally, it will be conclusively presumed that the necessary conditions existed for the holding of such term.

2. COURTS—TERMS—ADJOURNMENT.—A Circuit Judge, holding Court, has no power to take a recess and keep the Court open beyond the time fixed by statute for his holding Court in the county, and where shortly before the expiration of the time fixed for holding Court in one county the Judge adjourned and held Court in a second county, the rising of the Court must be fixed as of the last day when the Judge was authorized by statute to hold Court in the first county.

3. APPEAL AND ERROR—NOTICE OF APPEAL—NECESSITY.—Under Code Civ. Proc. 1912, sec. 384, requiring notice of appeal to be given within ten days after the rising of the Court, an appeal must be dismissed for want of jurisdiction where notice was not given within the time fixed.

Before PEURIFOY, J. Spartanburg, September, 1916. Appeal dismissed.

Action by Eliza H. Haughton against the Order of United Commercial Travelers of America. From a judgment for defendant, plaintiff appeals.

*Messrs. Carson & Boyd* and *Sanders & DePass,* for appellant.

*Messrs. Bomar & Osborne,* for respondent, cite: *As to time for Court:* Acts 1916, p. 695; Const., art. V, sec. 16; 7 S. C. 274; 3 S. C. 566; 22 S. C. 419; 7 R. C. L. 988; 76 S. C. 115; 6 L. R. A. (N. S.) 1047. *Time for notice of appeal:* 77 S. C. 156; 58 S. C. 39; 36 S. C. 599.

September 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

At the hearing respondent moved to dismiss this appeal on the ground that notice of appeal was not served within the time required by statute. For convenience, we heard the argument on the motion and on the merits at the same time. But, as the motion challenges our jurisdiction, it must be decided, first, because, if notice of appeal was not given in time, we have no jurisdiction, and anything that we might say upon the merits would be *coram non judice.*

The facts upon which the motion is based are: The September term of the Court of Common Pleas for Spartanburg county, at which this case was tried, as fixed by statute, began September 25, 1916, and might have continued through October 21st following. 29 Stat. 695. This case was tried on the 16th and 17th days of October. Plaintiff was nonsuited. After the trial, on October 17th, the presiding Judge announced that a recess of the Court would be taken until the week following the term of Court for Cherokee county, in the same Circuit, when he would return to Spartanburg and dispose of any equity cases triable at that term. On October 23d the Court of General Sessions for Spartanburg county was opened and held by the same presiding Judge, and continued in session until November 3d, when it was adjourned *sine die.* On November 20th, after he had held the Court for Cherokee county, the presiding Judge returned to Spartanburg, and, having tried such equity causes as the bar wanted him to hear, adjourned the Court *sine die* on November 24th, on which day the clerk entered in the journal: "Adjourned *sine die.*" The journal shows no previous adjournment of the term begun on September 25th. The judgment in this case was entered upon the order of nonsuit on November 13th, and the costs were taxed; but no notice of the taxation thereof, or of the entry of the judgment, was given plaintiff's attorneys. Notice of appeal was served November 28th.

Our decisions show that this Court is very reluctant to dismiss appeals on technical grounds. Therefore, we have

construed the statutes and rules of Court liberally in favor of the right of appeal.  *O'Rouke v. Paint Co.,* 91 S. C. 399, 403, 74 S. E. 930.  But there is a limit beyond which the most liberal construction cannot go.  Due respect for a co-ordinate branch of the government forbids the Courts to thwart, by construction, the intention and mandate of the lawmaking power, when clearly expressed, or necessarily implied in its enactments.  Therefore, we have held in numerous cases that the Courts have no power to extend the time fixed by statute within which notice of intention to appeal must be given, and that the failure to give such notice, within the time so fixed, is fatal and irremediable.

The question, then, is: Did the presiding Judge have the power, under the circumstances and for the reason stated, to adjourn the Court of Common Pleas for Spartanburg county from October 17th until November 20th, and reconvene it on the day last named, while he, in the meantime, was engaged in holding the Court of General Sessions in the same county and the Court of Common Pleas in Cherokee county?  Or was the Spartanburg Court adjourned by operation of law at the expiration of the time fixed by the statute for that term?  It makes no difference whether the action taken be called a recess or an adjournment.  We consider the effect of the statutes upon the situation and the power of the presiding Judge to do what was done.

Attentive consideration of the provisions of the Constitution and statutes manifests the intention of the lawmakers that the terms of the Circuit Courts shall be fixed, not absolutely, but as nearly so as is practicable, and consistent with the due, orderly, and economical administration of the business thereof, to the end that the people may know with reasonable certainty when and where they may be required to attend them.  The Constitution provides that they shall sit in each county at least twice in every year at such stated times and places as may be appointed by law (article V, sec.

16), and it provides for the appointment of Judges to hold either special or regular terms thereof, as necessity may require (article V, sec. 6); and the legislature has made provision for almost every conceivable contingency that may arise in giving effect to that intention.

The terms for each county are fixed by statute. If the Judge is temporarily detained, the clerk opens and adjourns the Court from day to day until he attends, or until it appears that he cannot attend, when he adjourns it until the next regular term. Civ. Code, vol. I, sec. 1318. If the Judge knows beforehand that he will not be able to attend at the stated time, it is his duty to notify the Chief Justice, so that his place may be temporarily filled. Civ. Code, vol. I, sec. 3839. If the presiding Judge in any Circuit finds that the time fixed for any Court is insufficient for the disposition of all the business before it, another Judge may be appointed to hold the next Court in turn, which he has been assigned to hold, in order that he may keep the Court over which he is then presiding in session until all the business before it has been disposed of. Civ. Code, vol. I, sec. 3840. If the Court of Common Pleas follows the Court of General Sessions, and the presiding Judge finds that the time fixed for the Court of General Sessions is insufficient, he may adjourn the Court of Common Pleas until he can finish the business of the Court of General Sessions. Code Civ. Proc., sec. 31. If a dangerous and general disease is prevailing at the place where a Court is to be held, the Judge may adjourn it "to a future day designated in a written order to the clerk." *Id.,* sec. 35. And, finally, provision is made for extra or special terms, which may be ordered either by the presiding Judge or by the Chief Justice, which, however, must be duly advertised. *Id.,* sec. 33.

In none of these provisions do we find authority for a Judge to leave a Court open, or adjourn it beyond the time fixed by statute when he must necessarily be absent to hold some other Court in the Circuit, and come back and resume

consideration of the business before it.   On the contrary, the provisions referred to negative such authority by the strongest sort of implication; for it tends to unsettle and disrupt the system ordained by the legislature.   If a Judge could keep a Court open for thirty days, while he was absent holding other Courts, why could he not keep it open three months, or, in fact, all the year, and thereby prevent the entry and execution of judgments obtained, since under rule 3 of the Circuit Court no judgment can be entered without special leave until the expiration of five days after the rising of the Court?   If the power attempted to be exercised be conceded, the Judge could by ordering adjournment of the several Courts in his Circuit, rearrange entirely the system established by the legislature to suit his own will or convenience.   And, in the same way, he could order what in effect would be extra terms of the Courts without pursuing the manner prescribed by section 33 of the Code of Civil Procedure.

In Lilly's case, 7 S. C. 372, the Circuit Judge undertook to do substantially what was done in this instance, and this Court held that he was without power to do it.   The Court said:

"Full and ample provision has been made for special terms of the Court of General Sessions and Common Pleas in aid of the expeditious disposition of all the business which may be brought before them.   Continuing each Court of a Circuit in session from day to day until the time fixed by law for its next meeting is inconsistent with the statutes, which prescribe the time to be allotted to each Court of a Circuit by requiring the Judge on some named succeeding day to hold some other Court of his Circuit."

And in that case the Court adverted to the "serious and disastrous consequences which might follow" the allowance of such power to the Circuit Judge.

No doubt, the Judge may, in his discretion, adjourn his Court from day to day or to a designated future day, within

the time fixed by statute for the continuance of the term. *DeLeon v. Barrett,* 22 S. C. 412.   While it was not necessary to the decision in that case, the language of the Court strongly implies that the Judge would have no power to adjourn the Court beyond the time fixed by statute for him to hold a Court in another county of the Circuit.   But he may even do that, when "a dangerous general disease" is prevailing at the place where the Court is to be held; and when a judgment rendered at an adjourned term is attacked collaterally, it will be conclusively presumed that the necessary conditions existed.   *Adicks v. Allison,* 21 S. C. 245. But in this case it is admitted in the record that the term was adjourned before the expiration of the time allotted by statute for its continuance for the convenience of the presiding Judge or of the bar or of both, and this is not a collateral attack upon the exertion of the supposed power.

From what has been said it must not be supposed that, if a Judge holding a Court should find that the trial of a case upon which he has entered has consumed more time than was anticipated, and that it cannot be concluded within the time fixed by statute for the term, he must necessarily order a mistrial, or otherwise discontinue its consideration, in order that he may meet his next appointment.   The legislature has provided for that contingency, as has already been pointed out.   He may have the clerk adjourn the next Court from day to day, until he can dispose of the case under consideration, or another Judge may be appointed to take his place in his next succeeding Court until he can get there.

Upon a careful consideration of the statutes, the conclusion is irresistible that the Judge had no power to take a recess and keep the Court open, or to adjourn it beyond the time fixed by the statute for his holding the Court of another county.   It follows that the Court rose on October 7th, and, by force of the statutes, it was adjourned for the term on that day, or certainly not later than the last day of the time

fixed by the statute for the continuance of the term, for no doubt the Judge had the power to keep it open until that day, and, as has been shown, even longer, if any of the exigencies provided for by the statutes existed. But as no such condition existed, giving appellant the utmost benefit of the order, the rising of the Court must be fixed as of October 21st, the last day of the term as fixed by the statute.

Now, section 384 of the Code of Civil Procedure provides that in all cases of the class to which this one belongs notice of appeal must be given within ten days after the rising of the Court. The notice in this case was not given within that time, and, therefore, this Court is without jurisdiction to consider the merits of the appeal. *Foster v. Tel. Co.,* 77 S. C. 155, 57 S. E. 760. The case cited shows that the failure to give notice of the taxation of costs or of the entry of the judgment does not affect the running of the time.

The appeal is dismissed.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.