### STATE v. HENDERSON

(134 S. E., 364)

COURTS—SPECIAL JUDGE, HOLDING REGULAR TERM OF GENERAL SESSIONS
COURT, HELD WITHOUT AUTHORITY TO ADJOURN AND RECONVENE
COURT THE FOLLOWING WEEK (CODE CIV. PROC. 1922, § 55, SUBDS.
2, 6, AND SECTION 42).—Under Code Civ. Proc. 1922, § 55, Subd. 2,
Special Judge, commissioned to hold regular term of General Ses-
sions Court for Spartanburg County in place of regular Judge, who
was ill, *held* without authority to adjourn Court in Greenville on
Thursday, to meet again on· Monday, at which time Court also
opened in Gaffney, where another Special Judge presided, and
Court in Greenville at such reconvened session was without jur-
'isdiction to convict defendant, notwithstanding Section 42 and
Subdivision 6 of Section 55.

Before WILTON H. EARLE, SPECIAL JUDGE, Spartan-
burg, November, 1925. Reversed and remanded for new
trial.

Robert Henderson, alias Robert Henson, was convicted
of assault and battery of a high and aggravated nature
and he appeals.

*Mr. L. G. Southard,* for appellant, cites:. *Terms of
Court for Spartanburg and Cherokee Counties:* Code Civ.
Proc. 1922, Sec. 55, Subdivisions 1 and 2. *When General
Sessions term may be continued:* Code Civ. Proc. 1922,
Sec. 55, Subdivision 6; 93 S. E., 393; 7 S. C., 372. *Com-
mon Pleas Court to sit twice in each County each year:*
Const. of 1895, Art. V, Sec. 16. *Appointment of Judges
for regular or special terms:* Const. 1895, Art. V, Sec. 6.
*General Sessions Court to sit twice in each County each
year:* Const. 1895, Art. V, Sec. 18. *Provision where reg-
ular Judge unable to hold Court:* Code Civ. Proc. 1922,
Sec. 42. ·

*Mr. I. C. Blackwood, Solicitor,* for respondent.

August 16, 1926.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

On October 27, 1925, the Governor commissioned Hon.
Wilton H. Earle as Special Judge to hold the regular term
of the General Sessions Court for Spartanburg County,
opening October 26, 1925, in place of Judge R. W. Mem-
minger, who at that time was ill and unable to hold Court.
Judge Earle opened Court and transacted its business until
some time during Thursday, October 29, when he announced
in open Court that the Court would take a recess until the
following Monday, November 2, 1925, and that the jury
would report back on that day in the afternoon for busi-
ness for the following week. In Greenville, on October
31, 1925, Judge Earle passed an order directing that the
Court of General Sessions for Spartanburg County be
continued in session until the business of the Court could
be finished, or until adjournment. The recess was taken
as ordered by the presiding Judge, and Court reconvened
Monday afternoon, November 2. In the meantime Hon.
S. T. Lanham was commissioned as Special Judge to hold
the regular term of Common Pleas Court, to convene in
Gaffney, another point in the same circuit, on the following
Monday, November 2, 1925, vice Judge Memminger, dis-
abled on account of sickness, and duly opened said Court.

On Wednesday, November 4, 1925, the defendant was
put on trial at Spartanburg, charged with assault and bat-
tery with intent to kill; he was tried in his absence, and
convicted of assault and battery of a high and aggravated
nature. He appeals to this Court, imputing error by six
exceptions, but in our view of the matter it is necessary
to consider only the first exception, which is as follows:

"In that it appears on the record that the Court had no
jurisdiction or authority on November 4, 1925, to try this
case, charge the jury, and to pass sentence, and that the
Court was without jurisdiction to hear and determine any
matter or issue; the Court having no authority to adjourn
or recess the Court of General Sessions on Thursday, Oc-

tober 29, 1925, to meet again on Monday, November 2, 1925."

Subdivision 2, Section .55, Volume 1, Code of Civil Procedure 1922, provides that the Court of General Sessions for Spartanburg County shall meet on the fourth. Monday after the fourth Monday of September, and shall hold for one week, and this was the term at which Special Judge Earle was commissioned to preside. Subdivision 6 of the same section reads as follows:

"If the business of the Court of General Sessions is not concluded at the end of any week, except the second week in January at Spartanburg, the petit jury drawn for that term of the Sessions Court shall be continued for the next week, or until the business of the Sessions Court is completed."

The Legislature has provided by statute for the terms of the Circuit Court for each County. Reason and authority concur in the proposition that a term of the Court in one County cannot extend beyond the time set by statute for the beginning of a term of the Court in another County in the same circuit, except as provided by statute. See *Ex parte Lilly,* 7 S. C., 372. *Houghton v. Order of U. T. C. of America,* 108 S. C., 73; 92 S. E., 393.

Subdivision 6, quoted above, was intended to provide for the continuation of the business of the Court of General Sessions for Spartanburg County into the second week or until the business of the Court should be completed. But it would be impossible for the presiding Judge of any circuit to be holding Court at two different points at the same time, and it is not reasonable to suppose that the Legislature intended by this subdivision to provide that the General Sessions Court of Spartanburg County should be continued beyond the first week, if such continuation would result in depriving another County in the circuit of a regular term of its Court.

It is possible, of course, under the statute, for two Courts to be in progress in the same circuit at the same time. Section 42 of Volume 1 of the 1922 Code provides as follows:

"Whenever the time fixed for holding any of the Courts of General Sessions or Common Pleas in this State should be found to be not sufficient for the trial of all cases before said Court, a like assignment of a disengaged Circuit Judge or commission of a Special Judge may be made to hold the Court to which the Judge then holding such overcrowed Court may have been in due course next assigned, and the term of such overcrowded Court shall proceed until the cases before it are disposed of."

In the present case, however, it does not appear that Judge Lanham's appointment to hold the Gaffney Court was referable in any way to the crowded condition of the Spartanburg docket, but that it was made solely on account of the illness of Judge Memminger, the regularly assigned presiding Judge. Therefore, the attempted continuation of the Spartanburg Court into the second week was not in accordance with the requirements laid down by the statute, and the defendant's exception must be sustained.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

Mr. Chief Justice Gary and Messrs. Justices Cothran and Blease concur.

Mr. Justice Watts dissents.