8877

BARNETT v. GOTTLIEB.

(82 S. E. 406.)

PRACTICE. TRIAL. ORDER OF ARGUMENT. EXAMINATION OF WITNESSES. OPINION EVIDENCE.

1. The right of plaintiff to open and close arguments to jury should not be denied, unless waived.
2. The Court may waive the rule as to number of counsel participating in conduct of examination of witness.
3. The opinion of a magistrate as to whether or not a person committing an assault has been sufficiently punished for the criminal offense is incompetent on the trial of civil action to recover damages for the assault.

FOOTNOTE.—As to the discretion of the Court in enforcing its rules; see *Meek* v. 'Richardson,* 25 S. C. Eq. (4 Rich. Eq.) 88; *Mitchell* v. *Anderson,* 19 S. C. L. (1 Hill 8) 69; *Ex parte Clyde,* 14 S. C. 385.

Before RICE, J., Marion, April, 1913.    Reversed.

Action by Nathan Barnett against Samuel L. Gottlieb to recover damages for an assault. From judgment for defendant, plaintiff appeals.

*Mr. Nathan Barnett,* plaintiff-appellant, appearing in person.

*Mr. Hoyt McMillan,* for defendant-respondent: *Cross-examination of plaintiff in discretion of Judge:* 73 S. C. 386; 33 S. C. 39.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages for an assault and battery. The defendant was arrested, and held for bail, under section 238 of the Code of Civil Procedure, 1912. He furnished bail, and the cause was tried at the April term of the Court, 1913, before Judge Rice and a jury. The defendant did not appear in person, but was represented by counsel. The sureties on the defendant's bond were also represented by counsel. The jury returned a verdict in favor of the defendant. A motion for new trial was made and refused. Plaintiff appeals, and by five exceptions asks reversal. The third exception imputes error on the part of his Honor in permitting counsel for defendant to reply to the argument of plaintiff to the jury, giving counsel for defendant the opening and closing argument to the jury. Under rule LIX of the Circuit Court, and the pleading in this case, the plaintiff was entitled to open and close the argument in the cause. It is true that the record fails to disclose that the plaintiff claimed his rights, but it was the duty of the Court to enforce the rules, and the burden is on the respondent to show waiver of this privilege on the part of the appellant, and no attempt is made to do this. During the examination of witnesses the

Court permitted both Mr. Johnson, who represented the sureties on the defendant's bond, and Mr. McMillan, who represented the defendant, to examine the witnesses, and the plaintiff protested, and we find the following: Mr. Barnett (addressing the Court): "May it please your Honor, I want the protection of the Court and only one lawyer to be examining me." The Court: "Mr. Barnett, the Court allows more than one lawyer. This thing is getting tiresome to me." Mr. Barnett: "It is getting tiresome to me, too."

It was clearly within the right of the Judge to dispense with the requirements of rule XXXI of Circuit Court, which provides that only one counsel on each side shall examine or cross-examine a witness, and not more than one counsel on each side shall sum up or be heard in any cause; but it was his duty to enforce the rule as to the plaintiff's right to open and close. When his Honor told the plaintiff his objections were getting tiresome to the Court, it was calculated to deter the plaintiff from further renewing his objections along this line, and while his Honor had the right to exercise a discretion in reference to rule XXXI of the Circuit Court, he had no right to suspend or change rule LIX of the Circuit Court, and the exception must be sustained. Exception one complains of error in permitting evidence over objection, among other things the following, from the witness, Ganis, who was the mayor at Nichols: "How much can you fine a man?" Answer: "$100." "How much did you fine him?" Answer: "$5." "Did you consider $5 a sufficient fine as punishment for his offense?" Answer: "I thought that was a plenty when the man came up like he did and not being arrested." This was clearly incompetent and highly prejudicial to the plaintiff, it permitted the witness to give his opinion to the jury that the defendant had been sufficiently punished, and that the plaintiff had not been damaged by the alleged indignity of being

assaulted and beaten.   The witness did not lay the foundation to give an opinion, as required in *Seibles* v. *Blackwell,* 1 McM. 51; *Jones* v. *Fuller,* 19 S. C. 70; *Chemical Co.* v. *Kirven,* 57 S. C. 488, 35 S. E. 745.   The admission of this testimony was clearly erroneous and prejudicial, and the exception must be sustained.   It is unnecessary to consider the other exceptions.

The judgment is reversed and new trial granted.