## 9455

### BARNETT v. GOTTLIEB.

(89 S. E. 641.)

1. NEW TRIAL—CONSTRUCTION OF ORDER.—Where there was failure to comply with an order directing a new trial, unless plaintiff should within 20 days from the date thereof remit as much as one-half of the recovery, the order amounted to an order for a new trial absolutely, so that subsequent orders that plaintiff, a nonresident, give a bond for costs, and on his failure to do so for a nonsuit, were properly made.

2. APPEAL AND ERROR—NEW TRIAL—GRANTING OF MOTION—PRESUMPTION—FILING OF ORDER.—On motion for a new trial made in Court the filing of an order therefor after the Court arose was proper, and, where there was nothing in the case to show that the Court had risen when the order was made, the presumption of fact was to the contrary.

3. NEW TRIAL—DECISION ON MOTION—KNOWLEDGE—ESTOPPEL.—If plaintiff and his counsel left the Court before defendant's motion for a new trial was decided they could not afterwards say that they did not know what was decided.

4. APPEAL AND ERROR—NOTICE—MOTION FOR NEW TRIAL—DETERMINATION.—If an order for a new trial, unless plaintiff should remit part of the recovery, was made after the Court rose, and there was an appeal therefrom, appellant could have given his notice of appeal

within 10 days after written notice that such order had been granted, as provided by Code Civ. Proc. 1912, sec. 384.

5. NEW TRIAL—ORDER—CONSTRUCTIVE KNOWLEDGE.—Where an order for a new trial, unless plaintiff should remit part of the verdict, was made in term time, the parties had constructive notice of it and were bound to follow it.

Before PRINCE and GARY, JJ., Marion, April and November, 1915. Affirmed.

Action by Nathan Barnett against Samuel L. Gottlieb. Judgment for defendant upon an order that plaintiff, a nonresident, give a bond for costs, and upon an order for a nonsuit, and plaintiff appeals.

*Nathan Barnett, in pro. per.,* for appellant.
*Mr. Hoyt McMillan,* for respondent.

July 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued the defendant for an assault and battery; the jury found for the defendant; the verdict was set aside for error of law (98 S. C. 180, 82 S. E. 406) ; the case was tried again and the Court (Judge Prince) directed the jury to find for the plaintiff, and the jury assessed the damages at $1,000; the Court ordered a new trial, unless the defendant (meaning the plaintiff) should remit within 20 days from the date of the order (April 10, 1915), so much as one-half the recovery; the remission was made, but not in the 20 days· limited and, at what time it does not appear, a succeeding Circuit Court (Judge Gary) ordered the plaintiff, then a nonresident, to give bond for costs, the bond was not given, and the Court (Judge Gary) ordered a nonsuit. This much of a tangled skein appears from the case in part directly and a part by inference.

There are nine exceptions, but the gist of the appeal is that the plaintiff had no notice of the order granting a new trial *nisi,* because the order was not made in open Court, and the remission was made in due time under the circumstances.

The appeal is from the two said orders of Judge Gary. Yet the case sets out neither one of these orders, and we are not informed of the circumstances under which they were made.

The inference, from that which does appear, is that the plaintiff did not remit one-half the recovery within the time limited by Judge Prince; that the reason therefor was that he had changed his residence from this State to Massachusetts, and did not know of the terms of the order; and that neither he nor his counsel, Mr. H. E. Davis, of Willcox & Willcox, had knowledge or notice of Judge Prince's order; that the plaintiff did remit half the recovery as soon as he knew of the order to do so; that Judge Gary treated the order of Judge Prince as, under the circumstances, one for a new trial absolutely and so proceeded to dispose of the case.

After the verdict, plaintiff's counsel seems to have disappeared from the further conduct of the cause. Most of the case is made up of letters from Mr. Davis to the plaintiff and letters from the plaintiff to the defendant's attorney. There is no spoken or written word in the case from the defendant or from his attorney. The cause was argued here by the plaintiff himself, and by printed brief alone. There is no brief of the defendant's attorney.

1. If there was an unlawful failure to comply with Judge Prince's order—that is to say, an inexcusable failure to remit a part of the recovery within the time limited by the order—then Judge Gary was right to make the orders which he did make, for in that event the order of Judge Prince amounted to one for a new trial absolutely.

2. If it shall be assumed, for it is not decided, that the plaintiff had a legal right to reasonably and in due time explain his failure to comply with Judge Prince's order, that is to remit half the recovery within 20 days from the date of the order, yet the entire record discloses no excusing circumstances.

The cause was tried on April 5th, and the order for a new trial *nisi* was made five days thereafter. Notwithstanding that, there is some suggestion in the case that the order for a new trial was made out of term time, and without notice to the plaintiff. The case shows the contrary; it recites that:

"The motion for a new trial was made on the minutes of the Court and after argument," etc.

If the motion for a new trial was made in Court, and the order was filed after the Court rose, that was a common and approved practice. But there is nothing in the case to show that the Court had risen when the order was made, and the presumption of fact is the contrary. Mr. Davis only recites in his letter that:

"The order was not taken in open Court *while any of us were present* (italics supplied), and has never been served on us."

The case contains this statement:

"Counsel for defendant moved for a new trial, the plaintiff then was a resident of St. Stephens, S. C., waited for two days in Marion, S. C., for a disposition of said motion without avail, so he left for home and shortly thereafter went to Charleston, S. C., and from there to New York and then to Boston, Mass., where he now resides."

If the plaintiff and his counsel left the Court before the motion was decided, they may not now say they did not know what was decided.

If the fact be that the order was made after the Court rose, and if there had been an *appeal from it,* then the appel-

lant from such order would have been privileged to give his notice of appeal "within ten days after written notice that such order had been granted." Code of Procedure, sec. 384; *Appleby* v. *Railroad,* 58 S. C. 33, 36 S. E. 109.

But there is no appeal here from Judge Prince's order; it was as much in favor of one party as it was in favor of the other party. There is no provision of the Code other than that cited which required the defendant to give the plaintiff written notice that Judge Prince's order was filed. One party had no more right to written notice of the filing of the order than the other party had.

If the order was made in term time the parties had constructive notice of it, and were bound to follow it. The case does not show when the plaintiff got actual knowledge of the *nisi* order; his counsel, Mr. Davis, only got actual notice of it from a letter of the plaintiff to him, dated July 6, 1915, three months after it was made. We are therefore unable to say if the plaintiff was excusable for his failure to comply in 20 days with the terms of the order, if he could excuse himself at all, and that matter is not in issue.

We must assume that there was no showing before Judge Gary in December, 1915, that the plaintiff was excusable; and we must assume that Judge Gary construed the order of Judge Prince as it was written with no modifying circumstances and construed the omission to remit in 20 days as he was bound to construe it, to wit, as an absolute order for a new trial.

If the plaintiff has lost his rightful recovery he has only himself to blame.

The orders appealed from are affirmed.