15221

THORNTON v. ATLANTIC COAST LINE R. CO.

(13 S. E. (2d), 442)

318

The order of Judge Grimball follows:

A rule to show cause was issued upon the plaintiff in the above case on September 19, 1940, upon the verified petition of the defendant, directing him to show cause before me on September 26, 1940, why the prayer of the said petition should not be granted. The plaintiff made return to the rule, and the matter came on to be heard before me at Florence on November 7, 1940.

The plaintiff recovered a verdict in the Court of Common Pleas for Florence County before Hon. G. B. Greene, Circuit Judge, and a jury at the February, 1940, term, in the sum of Twenty-Five Thousand ($25,000.00) Dollars. At the same term and before the rising of the Court the defendant made a motion for a new trial, which was argued but Judge Greene took the matter under advisement and made no decision thereon during the term. After leaving the Twelfth Judicial Circuit, Judge Greene on May 10, 1940, at Anderson, S. C., issued his order refusing a new trial on the grounds upon which the motion was made, except the ground that the verdict of the jury was excessive, and granted a new trial "unless the plaintiff shall· within twenty days from the filing of this order serve notice in writing upon defendant,· or its attorneys, that he remits the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars from the verdict as found by the jury against the defendant and elects to abide by the judgment to be entered on the verdict as so reduced. Upon service of such notice by the plaintiff and the filing thereof in the office of the Clerk of Court of Common Pleas for Florence County, S. C., within the time mentioned, the verdict as so reduced will be allowed to stand and the plaintiff allowed to enter judgment thereon."

This order was forwarded to the Clerk of Court for Florence County by Judge Greene, with a letter requesting that it be filed and the "attorneys for both parties" notified. The order was received at the office of the Clerk of Court for Florence County on May 13, 1940, and filed on the same date, but no notice of its having been received or filed was given to the attorneys for either party, and the order was deposited in a cabinet with a large number of papers involved in various cases in the Court of Florence County. On July 24, 1940, counsel for the plaintiff received information through an attorney of the Florence Bar, who had recently been in conversation with Judge Greene, that an order granting a new trial *nisi* had been issued in the cause, and on the same date he repaired to the office of the Clerk of Court for Florence County and inquired if such an order had been filed, and was informed that it had not; whereupon he imparted his information to the Clerk, who began to look through a cabinet in which a large number of papers were stored; one of his assistants then opened another cabinet, and, after running through a batch of papers, extracted the order.

Counsel for the plaintiff on the same date served written notice upon the defendant that the plaintiff elected to remit the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars upon the verdict, and incorporated into this notice the statement "Notice of the filing of the said order was not received by the plaintiff until July 24, 1940." This notice of remission from the verdict was filed in the office of the Clerk of Court on July 24, 1940, and on the same date plaintiff entered judgment on the verdict against the defendant in the office of the Clerk of Court for Florence County for the sum of Seventeen Thousand, Five Hundred ($17,500.00) Dollars.

At Anderson, S. C., on September 20, 1940, Judge Greene issued an order amending the original order granting a new trial *nisi* "by inserting between the words 'from'

and 'this' on line 4 of the last paragraph the words 'and after notice of," so that the said paragraph when so amended reads as follows: "It is therefore ordered that all grounds upon which the motion for a new trial was made on behalf of the defendant be, and they are hereby overruled, except the ground that a new trial be, and the same is hereby overruled, except the ground that a new trial be, and the same is hereby granted, unless the plaintiff shall within twenty days from and after notice of the filing of this order serve notice in writing upon the defendant or its attorneys that he remits the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars from the verdict as found by the jury against the defendant and elects to abide by the judgment to be entered on the verdict as so reduced. Upon service of such notice by the plaintiff and the filing thereof in the office of the Clerk of Court of Common Pleas for Florence County, S. C., within the time mentioned the verdict as so reduced will be allowed to stand and the plaintiff allowed to enter judgment thereon."

The prayer of the petition supporting the rule to show cause requests: "That the said purported judgment be cancelled and order expunged from the records of the Clerk of Court of Common Pleas of Florence County, South Carolina, and that the plaintiff be enjoined from issuing execution thereon or taking any other step for the enforcement thereof."

The defendant contends that, the condition of the order granting a new trial *nisi* not having been complied with within twenty (20) days from the filing thereof, the defendant thereby has been granted a new trial absolute, and further that Judge Greene had no jurisdiction to amend the order by his order of September 20th. The defendant admits that no notice of the filing of the order granting a new trial *nisi* was given to either party or any of the attorneys representing them, and the plaintiff admits that Judge Greene was out of the Twelfth Judicial Circuit when

the order of September 20th was filed. The defendant, while admitting that the plaintiff had no actual notice of the filing of the order, relies upon the theory that the filing of the order in the office of the Clerk of Court was constructive notice by which the plaintiff was bound, so that the first legal question presented by the petitioner is whether or not the filing of an order granting a new trial out of term time after the presiding Judge has left the Circuit, without notice to the party who has the privilege of election thereunder, is such constructive notice as to bind such party.

Counsel for the defendant relies strongly upon the case of *Barnett v. Gottlieb,* 105 S. C., 67, 89 S. E., 641, 642, where the plaintiff recovered judgment against the defendant in the sum of One Thousand ($1,000.00) Dollars in an action for damages for an assault and battery. Upon motion for a new trial a new trial *nisi* was ordered unless the plaintiff remit within twenty (20) days from the date of the order one-half of the recovery. The remission was made, but not in the twenty (20) days' limit, and at what time it does not appear. A succeeding Circuit Court ordered the plaintiff, then a non-resident, to give bond for costs, and the bond not having been given, the Court ordered a nonsuit. Plaintiff appealed upon the ground that the plaintiff had no notice of the order granting a new trial *nisi* because the order was not made in open Court and the remission was made in due time under the circumstances. The case was tried on April 5th and the order granting a new trial *nisi* was made five days thereafter. It was the contention of the appellant that the order for a new trial was made out of term time and without notice to the plaintiff, but the Supreme Court found that the contrary was true, that is, that the order was made during term time or before the adjournment of Court. "If the motion for a new trial was made in Court, and the order was filed after the Court rose, that was a common and approved practice. But there is noth-

ing in the case to show that the Court had risen when the order was made, and the presumption of fact is the contrary." From this language, while the Court does not directly so hold, the only inference to be drawn is that, if the order had been filed after the Court rose, actual notice thereof to the party given the right of election would have been necessary: "If the order was made in term time the parties had constructive notice of it, and were bound to follow it. The case does not show when the plaintiff got actual knowledge of the *nisi* order; his counsel, Mr. Davis, only got actual notice of it from a letter of the plaintiff to him, dated July 6, 1915, three months after it was made. We are therefore unable to say if the plaintiff was excusable for his failure to comply in 20 days with the terms of the order, if he could excuse himself at all, and that matter is not in issue."

The holding in the above case is based squarely upon the fact that the order granting a new trial *nisi* issued in term time. From this fact the plaintiff was charged with constructive notice thereof. Coupled with this is the ruling that "If the plaintiff and his counsel left the Court before the motion was decided, they may not now say they did not know what was decided."

The clear deduction to be drawn from the reasoning of the case is that had the order been filed after the Court rose the plaintiff would have been entitled to actual notice thereof before the time of election began to run; but even where the order is granted in term time, the case is authority for absolving the party who is given the right to elect from strict compliance within the time set if he can reasonably and in due time explain his failure to comply therewith.

"We must assume that there was no showing before Judge Gary in December, 1915, that the plaintiff was excusable; and we must assume that Judge Gary construed the order of Judge Prince as it was written with no modify-

ing circumstances and construed the omission to remit in 20 days, as he was bound to construe it, to wit, as an absolute order for a new trial."

From this it will be seen that the Court had a right to intervene even though the order was granted in term time upon any reasonable excuse that might be offered to prevent a strict enforcement of the time provided in the order.

The *Barnett case* is distinguishable from the instant case in the most essential detail, that is, the order here was filed out of term time, after the Court rose, after the Judge had left the Circuit, over two months after the rising of the Court, and when the Judge announced after hearing the motion for a new trial he would take it under advisement. This action carried with it the right of actual notice of the filing of any order affecting the plaintiff's rights.

I cannot agree with the defendant that the filing of the order on May 13th was constructive notice to the plaintiff. The order was not filed in any judgment roll, no record thereof was kept in any book, but it was placed in a closed cabinet with an assortment of papers involved in various cases. Constructive notice must be sustained by an available record to which a member of the public could have access and could find in the Clerk's office, such as deeds, mortgages, etc., which are indexed and entered of record.

Manifestly, it would be an unreasonable burden to place upon plaintiff's counsel the duty of repairing to the Clerk's office every day to ascertain whether an order granting a new trial had been filed in a particular case. If this had been done in the instant case, it would have been of no avail, because on the two occasions that plaintiff's counsel inquired relative to such order he was informed that it had not been filed.

Also relied upon by the defendant is the case of *Brown v. Easterling,* 59 S. C., 472, 38 S. E., 118, 122. The facts in this case, however, are widely different from the case under consideration. There an order sustaining a demurrer

was made in open Court and the plaintiff given twenty (20) days in which to serve an amended complaint. This was not complied with, and several months later the plaintiff sought to be excused from this condition of the order upon the ground that neither she nor her counsel knew of the terms of the order. The order was issued in open Court and filed in the office of the Clerk. Plaintiff had presented a proposed order, which was rejected by the Judge, and the one proposed by the defendant signed. While the Court held that the filing of the order sustaining the demurrer in the office of the Common Pleas Court was constructive notice to the plaintiff of all the conditions and contents thereof, such holding is based upon the issuance of the order in open Court, and upon the fact that rejection of his proposed order should have directed plaintiff's counsel's attention to the order prepared by defendant's counsel and signed by the Judge, and to the rule of Court which provides: " 'In all cases where a motion shall be granted on payment of costs, or on the performance of any condition, or where the order shall require such payment or performance, the party whose duty it shall be to comply therewith shall have twenty days for that purpose unless otherwise directed in the order,' etc."

From this it will be seen that the plaintiff had actual notice of the issuance of the order and therefore it was incumbent upon him to ascertain its contents. The rule set out above furnished him with knowledge that he had only twenty (20) days in which to serve his amended complaint.

When Judge Greene took the motion for a new trial under advisement after hearing argument thereon, plaintiff had a right to await actual notice from the Judge of his decision upon the motion. The manner in which the matter was handled indicated that the decision would be made some time later. Ordinary justice required that when it was made the plaintiff have notice thereof. Here a man has substantial rights to a judgment for Twenty-Five Thousand ($25,000.00) Dollars. He is given the right of election

in Judge Greene's order whereby he can retain Seventeen Thousand, Five Hundred ($17,500.00) Dollars of this judgment if he remits Seven Thousand, Five Hundred ($7,-500.00) Dollars within twenty (20) days of the filing of the order. It was the plain intention of the Court to give actual notice of the filing because he directed the Clerk in his letter to do so and this Court must read into or construe his order to mean "within twenty days after notice of the filing of the said order." The letter of the Judge directing the Clerk to give notice to the attorneys for both parties was as much an order of the Judge as the order itself and the two must be taken together; until the order to give notice had been complied with the time could not begin to run against the plaintiff. The Clerk here was the agent of the Court.

"The clerk is the officer of the Court, and any mere ministerial act he does by the order of the Court is the act of the Court itself." *Chafee & Co. v. Rainey,* 21 S. C., 11, 18.

Further, I am convinced from the showing before me that the action of the plaintiff and his counsel in not remitting until July 24th was excusable, and that his remission on July 24th was in time.

It is the clear intendment of the proviso to Section 781, S. C. Code 1932, that a party affected by the terms of an order granting a new trial shall have actual notice thereof where it is issued out of term, because that provision specifically gives the party desiring to appeal "ten days after written notice that such order has been granted or rendered."

It is, therefore, ordered that the rule heretofore issued in the above cause on September 19, 1940, be, and the same is hereby, dismissed, and that the plaintiff's right to enter judgment against the defendant in the sum of Seventeen Thousand, Five Hundred ($17,500.00) Dollars, with interest and costs, is hereby affirmed.

*Messrs. Willcox, Hardee, Houck & Wallace* and *Woods & Woods* for appellant,

*Messrs. McEachin & Townsend* for respondent,

February 28, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

The controversy involved in this appeal arises out of the fortuitous circumstance that an assistant in the office of the Clerk of Court for Florence County inadvertently failed to give notice to the attorneys for the respective parties of the filing of an order herein granted by Judge Greene, dated May 10, 1940, and received by the Clerk of Court May 13, 1940. This order granted the defendant a new trial *unless* the plaintiff should remit $7,500.00 from the verdict rendered in his favor of $25,000.00 at the February-March, 1940 term of the Court of Common Pleas for Florence County, the condition being that such remission should be made within twenty days from the filing of the order. It appears that neither the attorneys for the plaintiff nor the attorneys for the defendant had any notice that such an order had been handed down or filed until July 24, 1940, when the filing of the same was by chance discovered by plaintiff's counsel, who thereupon on the same day served notice upon defendant's counsel to the effect that plaintiff remitted the sum of $7,500.00 from the verdict and elected to abide by the judgment to be entered thereon as so reduced. And the plaintiff, without further notice to the defendant, entered up a purported judgment for the sum of $17,500.00, with interest and costs. Thereafter, to wit, on August 2, 1940, defendant served notice upon plaintiff's attorneys that it intended to insist, and thereby insisted, that Judge Green's order granting a new trial *nisi* had the effect of and constituted an unconditional granting of a new trial because plaintiff did not make the remission within twenty days from the filing of the order, and this notice was also a notice of appeal to the Supreme Court from any purported judgment entered or to be entered in favor of the plaintiff.

This action was brought to recover damages under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 *et seq.,* for personal injury to the plaintiff while in the employ-

ment of the defendant, and the cause came on for trial before Judge Greene and a jury at the February-March 1940 term of the Court of Common Pleas for Florence County, as above stated. After the verdict was entered a motion for a new trial was duly and timely made and taken under advisement. When Judge Greene returned to his home in Anderson he prepared his order granting a new trial *nisi*, the same being dated May 10, 1940, which he forwarded to the Clerk of Court of Florence County, together with a letter bearing the same date, directing him to "file this order and notify attorneys for both parties." This letter, together with the order, was received by an assistant in the Clerk's office on May 13, 1940, who marked the order filed as of that date and placed it in a cabinet in which a large number of orders and papers in other cases were stored. But it appears that through inadvertence the direction of Judge Greene that the attorneys be notified was overlooked or misconstrued, although the letter is quite definite in this respect. The original letter was not preserved, although clearly it should have been filed with the order. However, a copy of the letter will be found in the transcript of record.

Since the notice was not given as directed by Judge Greene it is not surprising that neither plaintiff's counsel nor defendant's counsel were aware that the order had been handed down, or that it was on file in the Clerk's office. Indeed, it appears that one of the attorneys for the plaintiff, having been informed by the Clerk on or about July 12, 1940, that Judge Greene had decided some other case in which he was interested, then inquired of the Clerk if any order in the instant case had been filed, and the Clerk informed him that no such order had been filed. Thereafter, to wit, on July 24, 1940, the same attorney for the plaintiff received information from a member of the Florence bar that Judge Greene had incidentally stated that he had handed down an order granting a new trial *nisi* in this case. But upon inquiry at the Clerk's office he was at first again in-

formed by the Clerk that no such order had been filed; but upon further investigation the order was discovered. Of course the statements to counsel by the Clerk of Court were made in the utmost good faith, the facts of the matter being within the knowledge of his assistant and not of himself. It is, however, significant that the order was filed in such a manner that even the Clerk of Court himself seemed unable to locate it.

The matter appears to have been brought to an issue by a rule to show cause issued by Judge Grimball while presiding in the Twelfth Circuit, dated September 19, 1940, upon a verified petition of the defendant, directing that the plaintiff show cause why the purported judgment entered in his favor should not be cancelled and why he should not be enjoined from issuing execution thereon or taking any other steps for the enforcement thereof. In the meantime, however, plaintiff through his counsel made an *ex parte* application to Judge Greene, upon affidavits, for an amendment of his order granted May 10, 1940, pursuant to which Judge Greene handed down an order dated at Anderson, September 20, 1940, in which he purported to amend his previous order dated May 10, 1940, granting a new trial *nisi,* by providing therein that the remission of the sum of $7,-500.00 should be made "within twenty days from and after notice of the filing of this order"; that is to say, the words "and after notice of" were thus in effect inserted in the original order, but no further change was made therein.

The plaintiff duly made a return to the rule to show cause issued by Judge Grimball, and the matter appears to have been fully heard by him on November 7, 1940, and thereafter, to wit, on November 19, 1940, he handed down his order wherein he dismissed the rule to show cause and affirmed the plaintiff's right to enter judgment against the defendant in the sum of $17,500.00, with interest and costs; and from this order the defendant appealed to this Court.

In the meantime the defendant had given notice of appeal from so much of Judge Green's order dated September 20, 1940, as amends his order dated May 10, 1940. And it was agreed that the appeals from the order of Judge Greene dated September 20, 1940, and from the order of Judge Grimball dated November 19, 1940, should be consolidated. Hence both of these orders are before us on this appeal.

A careful review of the order of Judge Grimball, in the light of the record and the arguments of counsel for the respective parties, convinces us of the correctness of his well considered order, both as to his conclusions and supporting reasons. We direct that his order be reported, and the same is adopted as a part of this opinion. Indeed, so far as his order is concerned, no further comment on the matters therein decided appears really to be necessary, although some additional observations will be made.

The fundamental question involved in this appeal is: Was the purported filing on May 13, 1940, of Judge Green's order *nisi*, dated May 10, 1940, constructive notice to the plaintiff or his attorneys?

If this question should be answered in the affirmative, then clearly the contention of the defendant would be correct, unless relief might be granted to the plaintiff on the ground of mistake, inadvertence, surprise or excusable neglect under Section 495, Code 1932. But if, as we think, the answer should be in the negative, then the plaintiff by his attorneys acted in due time.

A question precisely of this character does not appear to have ever been before this Court. But the case of *Barnett v. Gottlieb*, 105 S. C., 67, 89 S. E., 641, strongly relied on here and in the Court below by the defendant, involved a case where an order *nisi* was made and filed while the Court was in session, that is to say, during the same term the case was tried; and it was there held that the plaintiff had constructive notice of the terms of the order and having failed

to comply with the same, without a sufficient excuse, the order became in effect an absolute order for a new trial.

This case in our opinion unquestionably holds in accordance with the general rule on the subject that parties to a cause are chargeable with notice of orders made and filed in term time, that is to say, while the Court is in session. One obvious reason for this rule is that such orders are usually announced in open Court from the bench and interested parties would of course be expected to take notice thereof. And as to orders granted and filed in term time, the time for appealing does not commence to run until the rising of the Court. The reason for this doubtless is that a Circuit Judge is "in absolute control of all orders signed by him in term time." *Cusack v. Southern R. Co.,* 116 S. C., 143, 107 S. E., 30, 31.

We are of opinion, however, that a different rule should be applied as to orders in contested cases filed out of term time, that is to say, while the Court is not actually in session; especially in view of modern conditions when perhaps the greater part of the business of the Court is conducted at chambers, and orders are constantly being filed in what is euphemistically styled vacation. And we may take judicial cognizance that the trial Judges of the State recognize the justice and necessity of notice of such orders, because it is their invariable practice to provide that notice be given to counsel for the respective parties in all contested cases. The usual practice in this respect appears to have been followed by Judge Greene when he forwarded the original order to the Clerk of Court with a letter directing that notice be given, although sometimes copies of orders are forwarded by the trial Judge to counsel, and in other cases the order is forwarded to the attorney in whose favor it was rendered, with instructions to file and notify opposing counsel. But in some way notice is directed to be given.

We are therefore impelled to hold that actual notice should be given to the attorneys (or the parties) of the filing of such an order, as a condition precedent to its effectiveness; especially as such a rule is founded in reason and justice, and there is no controlling authority to the contrary.

The authorities outside of the State are not uniform, but there are cases indicating that this should be the approved rule. We quote the following from 42 C. J., 539, 540: "In some jurisdictions the rule prevails that parties to a cause are chargeable with knowledge of all proper and legal orders made therein, except where service is specially directed, although it has been held that neither parties nor counsel are required to take notice of orders made after the Judge has left the courthouse for the term. But in other jurisdictions the rule is that only the moving party is chargeable with notice of an order made in a cause, and that such order must be served upon the adverse party in all cases where his rights may be affected or prejudiced by any proceedings taken under it before the party in whose favor the order was granted can take any benefit under it, and such service has been held necessary, although the adverse attorney was in Court at the time when the order was granted, but there is contrary authority."

The foregoing quotation shows that in some jurisdictions a different rule is applied to the moving party, and, indeed, it appears that there are several cases definitely holding that the moving party must at his peril watch for the decision and take notice of the ruling upon his own motion. And it will be noted that in the instant case the plaintiff was not the moving party. However, we are of opinion that as to orders filed out of term the moving party should also have notice thereof, although there may be some reason for placing him in a different category. But it scarcely seems reasonable to us to require the attorneys for either side in a contested case to make a daily inspection of the records in the Clerk's office. In fact, such an inspection might not

afford full protection if the paper were filed in the manner in which the order of Judge Greene, dated May 10, 1940, appears to have been filed in this case.

·It may seem rather surprising that this matter has not been dealt with comprehensively and directly by statute; but we are of opinion that so far as orders of the character here under consideration are concerned, that is to say, orders granting or refusing a new trial, the statutory provisions contained in Section 781, Code of 1932, are practically conclusive on the point. It is there provided: "That whenever a motion for a new trial upon the Judge's minutes shall have been made and the decision thereon not be both heard and filed at the term at which the trial is had, then notice of intention to appeal either from the judgment or the order granting or refusing a new trial shall be given to the opposite party or his attorney within ten days after written notice that such order has been granted or rendered."

While it is argued by counsel for the appellant that since this statute relates only to the matter of appeal, it cannot by implication be applied to the matter of availing oneself of the right to comply with a condition contained in an order *nisi*, we are unable to concur in this reasoning, for it seems to us that it would be an intolerable anomaly that the right of appeal from an order should remain unimpaired until notice thereof is given, although for other purposes and in other respects a party may have lost some substantial rights thereunder. At least, the statute tends to support the rule hereinbefore sanctioned by us.

There is a statement made in the opinion in the case of *Barnett v. Gottlieb, supra,* to the effect that the order *nisi* "was as much in favor of one party as it was in favor of the other party," and hence that the defendant was not required to give plaintiff notice of the filing of the order. But it is indubitable that this is a mere *obiter dictum,* for the decision was based squarely on the proposition that the order was made in term time and hence that "the parties had

constructive notice of it, and were bound to follow it." Indeed, it seems to us that Judge Greene's order *nisi* granting a new trial should certainly be deemed an order sufficiently in favor of the defendant to have required notice to be given to the attorneys for the plaintiff under Section 781, and doubtless such notice would have been given by the attorneys for the defendant if they had been informed of the filing of the order.

Counsel for appellant call attention to the case of *Calhoun v. Port Royal & W. C. Railway Co.,* 42 S. C., 132, 20 S. E., 30, in which it is held with reference to the provisions of the Code now contained in Sections 605, 606, that where a motion for a new trial was made on the minutes and heard at the same term at which the verdict was rendered, but was decided thereafter, the Judge's order would "be regarded as not only *heard* but *decided* during the terms." This ruling was intended to validate the salutary practice of allowing the trial Judge ample time for deliberation on motions of this character by applying the legal fiction of a *nunc pro tunc* filing. But to extend this fiction so as to hold that parties and their counsel are bound to take notice of such orders although actually filed out of term would be in violation of the well settled doctrine that while a fiction may be used for the promotion of justice it cannot be employed to hinder it. Moreover, the legislative will in this connection is well indicated by the provisions of Section 781 to which reference has already been made.

Perhaps some reference should be made to the case of *Witt, Receiver, v. Leysath,* 160 S. C., 251, 158 S. E., 226, cited by counsel for appellant, wherein it was held that a defaulting defendant would be bound by constructive notice of the judgment taken against her and duly entered and recorded. But clearly after the Court acquires jurisdiction of the defendant by service of process, and default is made, the defendant is not entitled to further actual notice of the

judgment consequent thereon. The rule relating to notice as above indicated applies only to contested cases.

It was suggested by counsel for appellant that if the plaintiff was in fact entitled to any relief at all he could only obtain it by application to the Court under the provisions of Section 495, Code 1932. Indeed, Judge Grimball incidentally remarks in his order that he is convinced from the showing before him that the action of the plaintiff and his counsel in not remitting until July 24th was excusable. Exception, however, is taken to this ruling upon the ground that no such motion was made before Judge Grimball, and that defendant did not have its day in Court on this phase of the matter. In this connection, it will be recalled that in the case of *Barnett v. Gottlieb, supra,* the Court alluded to its assumption that no showing was made that Barnett was excusable for not having made the remission in time. While we do not think it is at all necessary to require the plaintiff to fall back on Section 495, we deem it proper to say that under the admitted facts of the instant case, if there was in truth any neglect on the part of the plaintiff or his counsel it was clearly excusable.

There is a point made in this appeal which does not appear to have been raised in the Court below, to wit, that the notice of remission was given by the plaintiff's attorneys, whereas it could only be given by the plaintiff himself, under the express terms of Judge Greene's order *nisi*. Since the question was not raised in the trial Court it is not properly before us for consideration, but we may add that the verified petition presented by the defendant upon which Judge Grimball issued his rule to show cause plainly indicates that the only contention then made as to plaintiff's alleged failure to comply with the terms of Judge Greene's order was that "the plaintiff failed to serve such notice on the defendant until July 24, 1940, long after the time permitted by the Circuit Judge." Furthermore, the notice of remission, while signed by the attorneys only

recites that the "plaintiff H. B. Thornton hereby remits" the sum in question. Certainly in this situation the attorneys for the plaintiff will be presumed to have had authority to make the remission. *Poore v. Poore,* 105 S. C., 206, 89 S. E., 569.

In view of our conclusion as to the law of the case, the amendatory or supplemental order of Judge Greene, dated September 20, 1940, is wholly immaterial. We of course adhere to the rule laid down in many cases that after a Circuit Judge has filed an order out of term the same becomes final and binding and cannot be modified, overruled or reversed by him; but this rule is subject to the very reasonable exception which permits the correction of a clerical mistake, that is to say, a correction relating to a matter of form and not of substance. This principle is well stated in the case of *Varser v. Smith,* 187 S. C., 328, 197 S. E., 394, in which the Court reaffirms the doctrine laid down in the leading case of *Chafee & Co. v. Rainey,* 21 S. C., 11, where the Court quoted with approval the following from 2 Dan. Ch. Pr., 1233: "In cases, however, in which a clerical error has crept into the decree, or in which some ordinary direction has been omitted, the Court will entertain applications to rectify it, even though it has been passed and entered. * * * It is, nevertheless, to be observed, that it is a principle of the Court, that no alteration can be made in a decree on motion without a rehearing, except in a matter of clerical error or of form, or where the matter to be inserted is clearly consequential on the directions already given."

Judge Greene's amendatory order merely writes into his original order the law as laid down by us in this opinion. If therefore it were held that he was without jurisdiction to grant the amendatory order, such an error would not have been prejudicial to the defendant. But we are of opinion that his order comes within the exception above stated.

Likewise the position that Judge Grimball's order in effect attempts to modify Judge Greene's order of May 10, 1940, seems to us clearly untenable, for the reasons above indicated with reference to the power of a Circuit Judge to make any changes in orders previously signed and filed by him. As we view the record the order of Judge Grimball merely gives effect to the order of Judge Greene dated May 10, 1940, in accordance with the law. But even if Judge Grimball's order could be construed as in any way modifying the order handed down by Judge Greene, dated May 10, 1940, such modification was certainly clerical only and in no wise antagonistic. We think this case comes within the principle expressed in the case of *Carolina Baking Company v. Geilfuss,* 169 S. C., 348, 168, S. E., 849, 851: "A prior order of one Circuit Judge may be aided and enforced by the order of another Circuit Judge, but the prior order may not be changed or modified by the latter order so as to substitute antagonistic terms and conditions."

Some reference has already been made to the fact that the attorneys for the defendant gave notice of appeal to this Court "from any purported judgment entered or to be entered in favor of the plaintiff in the above stated case." But such an appeal as that is not now before us and of course could not be affected by this opinion, because the instant appeal relates only to the order of Judge Grimball and the supplemental order of Judge Greene dated September 20, 1940, purporting to amend his original order.

The orders involved in the instant appeal are affirmed.

Mr. Chief Justice Bonham, Mr. Justice Fishburne and Mr. Acting Associate Justice J. Strom Thurmond concur.

Mr. Justice Baker disqualified.